GRIFFIN AND WIFE v. STADLER'S ADMINISTRATORS.

1. The issue in this case being whether a decedent had, in his lifetime, made a gift to the defendants of certain notes for which this suit was brought against them by the decedent's administrators, and the defendants having adduced at the trial below evidence sufficient, if not rebutted, to establish the gift, the question now considered is, whether the court below erred in permitting the plaintiffs to defeat the gift by evidence of declarations of the decedent, not part of the *res gestæ* nor made in the presence of the defendants. This court reviews the adjudications on the subject, and admits their inconsistency, but on the weight of authority *holds* that the declarations were not competent evidence, and that the court below erred in admitting them.

2. If a combination to defraud, alleged against a defendant and his wife, was first established by proof, then the admissions of either of them were competent evidence against the other. The laws regulating marital relations do not shield a married woman from her own fraudulent acts.

3. The plaintiffs having accepted twelve jurors, the whole panel was tendered to the defendants, who challenged one juror, and then asked that his place be supplied before they be required to pass further on the panel. But the court below required them to pass at once upon the remaining jurors, before the panel should be filed by the sheriff. *Quære:* Is this the correct practice?

APPEAL from Cherokee. Tried below before the Hon. Samuel L. Earle.

The general character of this case is shown by the opinion of the court, and also the most material of the facts.

The defendants proved the gift by two witnesses, who were their son and daughter. They thought it was made in the Summer of 1862, and some months prior to the death of Stadler, which occurred in November of that year.

To defeat the alleged gift, the plaintiffs were permitted to prove by sundry witnesses repeated remarks of Stadler, on his death-bed and previously, to the general effect that he intended to leave his property to certain relatives in North Carolina. These remarks were not made in the presence of the defendants. The notes in question were proved to be all the property left by Stadler.

The plaintiffs were also permitted to prove statements made by each of the defendants when they were not together, and which were not consistent with their claim of a gift. There was no evidence of a combination between the defendants to defraud, etc. Exceptions were duly reserved by the defendants to the admission of the plaintiffs' evidence here noticed.

There being verdict and judgment for the plaintiffs, and a new trial refused, the defendants appealed.

*Long & Oatman*, for the appellants, after an able review of the authorities, proceeded as follows :

A moment's reflection upon the nature of these declarations, supposing them to have been really made as detailed by the witnesses, to say nothing of their liability to have misunderstood the party speaking, or to have misconstrued what was said, which judges and law writers declare to be the weakest and least reliable of all evidence, they do not in any degree disprove the gift. But when it is remembered that in this case there are fully as many declarations, fully as well proven, just the reverse of those relied upon by the appellees, the soundness of the rule excluding them from the consideration of the court and jury becomes quite apparent. They are so plainly in direct conflict as to mutually discredit each other, and really prove nothing but that the old man prattled a good deal about his affairs, and frequently talked loosely, without motive or thought; and as he talked both ways, he may have done so on purpose to mislead and balk the impertinent curiosity of his inquisitors. There are such cases in the books and in the experience of us all. Upon such considerations as these rests the good sense and propriety of excluding them in all cases. Their admission can only have the effect of muddling the question and misleading the jury, as they most probably have done in this case. Appellants have not had a fair and lawful trial on account of this error, to say nothing for the present of the other errors assigned. They have a right to have this gross error corrected, and to have this cause tried alone upon legal evidence.

2. It is also assigned for error in this case, that the

declarations, by way of admissions of the husband against the wife, and of the wife against the husband, made not in the presence of each other, were admitted against the exceptions of the parties respectively. In the brief of the appellees, this is sought to be justified, or excused, on the ground that the petitioner charges a fraudulent combination between the husband and wife to cheat and defraud the estate. But we hold that such a charge, wholly unproved, affords no legal or reasonable excuse for this. The danger of such a principle, not to say the absurdity of it, only needs to be mentioned to be recognized by a legal mind. And this principle has been expreesly laid down by the Supreme Court of New York, in a case not unlike the present in most respects. In the case of Birdseye v. Flint and Wife, 3 Barbour Supreme Court Reports, 500, the husband and wife were jointly sued for property claimed (as in this case) to belong to the wife, and the court refused to allow the declarations of the husband (by way of admissions) to be offered in evidence. This high authority is deemed sufficient upon this point. There fraud and deceit were charged, but no combination to jointly commit fraud was proven, and therefore the declarations of the husband tending to prove fraud on on his part were held inadmissible in evidence. In principle the cases are identical.

In appellees' brief it is contended at some length that the gift of these notes to Mrs. Griffin was not so completed as to pass any title, even if the defendant's proof is taken as true; because, it is said in substance, something remained to be done by the donor to enable the donee to sue for and recover the money due on the notes, and this because the transaction purports to be a gift rather than a sale. There is nothing, we think, in this distinction, for in either case "the holder must

show, by proof, that he came honestly by the possession, and for a sufficient (not a valuable) consideration," as expressed by Judge Hemphill in the case cited by appellees, of Rose v. Smith, 19 Texas Rep., 173. If the notes were given, as between the parties, as good a title passed as if purchased. The thing to be proven is ownership; and when that is shown, the owner can sue in his own name for the collection of the notes, whether that ownership was acquired by gift or by purchase, and whether the notes were payable to bearer or to order. In either case, as between the parties, the gift or donation as perfectly vests title as any assignment. (Ralison v. Hope, 18 Texas Rep., 446, and cases there cited.)

And this, we submit, is a sufficient answer to all that part of the argument which treats of the rule in equity, which refuses to come to the aid of an imperfect gift, and leaves the parties where the law leaves them. The principle invoked is a sound principle, but can have no application to a case like this. It all depends here upon whether Mrs. Griffin has proved a valid gift. If she has, she needs no aid of a court of equity to enable her to sue and recover upon these notes.

If it be said that the pretended admissions of Griffin and of his wife are too unimportant in matter to have had any influence upon the jury, and therefore ought not to be objected to by appellants, we reply as follows:

True, the pretended declarations, by way of admission, do not appear to us to be at all relevant or material to the question of ownership of the notes, but for aught this court can know, the jury may have had a different opinion, and the reason why the court are by law required to pass upon the legality of evidence, rests upon that very consideration. To admit evidence before the jury is, and should be, regarded by them as a decision by the court that it was relevant, legal, and material.

*Bonner & Bonner*, for the appellees, after a full dis-
cussion of preliminary questions, proceeded as follows:

This leads us to the consideration of the question,
whether, under the issues in this case, the previous
declarations of Robert G. Stadler, as to the intended
disposition of his property, while in possession of the
same, were admissible testimony.

It will be remembered that one of the main issues
presented was, whether the said Robert G. Stadler left
a last will and testament.   The object of these previous
declarations was to show (in connection with other tes-
timony), as far as was in the power of administrators,
that he had left such a will, and as a circumstance
against an alleged gift made under very suspicious cir-
cumstances, and directly at variance with his long de-
clared intention as to the disposition of this property.

It has been very properly held that the same strict·
ness is not required of administrators as from the
parties themselves, who are presumed to know of their
own personal knowledge the facts of any transaction.
(Gay v. McGuffin, 9 Texas, R., 501.)

Our Legislature does not require from a personal rep-
resentative in a plea of *non est factnm*, to do more than
cast suspicion upon the instrument.   (Paschal's Digest,
Art. 1442.)

This, from the very nature of the case, is a principle
which addresses itself to the commendation of every
reflecting mind.   Death frequently buries alike both
its victim and the knowledge of his transactions.   Ad-
ministrators cannot be presumed to know the truth of
important facts upon which the realization of the wishes
of decedent, and the best interests of those parties really
intended to be benefitted thereby, depend.   How im-
portant, then, it is, that in a case like this, surrounded
by such extraordinary circumstances of fraud and sus-

picion, everything, however feeble, which would throw light upon the transaction, should be admitted ; but. how much more so should the solemn and oft-repeated declarations, continued through a series of years, made by the owner and possessor of the property, and which should be considered as a very high character of evidence, be permitted to go to the jury. Upon principle, then, it seems clear that this testimony was admissible.

Upon authority, it seems equally evident that it was. proper. What principle of evidence, it is respectfully asked, was infringed by its admission ?

As a general rule, the declarations of an ancestor or grantor are evidence against the heir or grantee, or those claiming under the same title. Those cases where the declarations of the decedent in disparagement of a will have been rejected, will generally if not universally be found to have been confined to declarations made subsequently to the making of the will, and to have been based upon the ground that such declarations. were in contradiction of a solemn written instrument, or in contravention of some statute touching the revocation of wills. It was so decided in Jackson v. Kniffin, 2 Johns., 31 ; though in that case, Spencer, J., and Tompkins, J., dissented, and held to the contrary opinion, that such subsequent declarations were admissible. Spencer, J., uses the following language : "A will takes effect only on the testator's death ; and declarations of facts by a party in interest, when made at a time when no one had a vested interest in opposition to him, are good evidence." (See 2 Johns. R., 37.)

In note 194, Volume 3, Part I., Cowen and Hill's Notes. to Phillips on Evidence, on page 267, it is held that the reasoning of Spencer and Tompkins in the dissenting opinion, in the above case, "is very strong, both on principle and authority;" and on page 268, it is fur

ther laid down that the rule that "I am liable to be affected by the declarations of one who conveys to me, made before my right vests, is at this day sustained by a force of authority not to be resisted." (See note 194, and particularly on pages 267, 268, Volume 3, Part I., Cowen and Hill's Notes to Phillips on Evidence.)

In this connection it is also laid down, on said last mentioned page, 268, that "if the fact of duress or undue influence be provable" (to set aside a will), "then every kind of proof adapted to its establishment is competent, and goes for what it is worth."

In Smith v. Fenner (1 Gallison, 170), declarations made after the execution of a will, if not so near its execution as to form a part of the *res gestæ*, were excluded. But afterwards, in the case of Reel's Executor v. Reel, 1 Hawks, 247, the question arose and was elaborately discussed before the Supreme Court of North Carolina, in which great research and high forensic talent were exhibited, and the decisions in the above cases of Jackson v. Kniffin and Smith v. Fenner, were repudiated, and the dissenting opinions of Justices Spencer and Tompkins, in the first case, expressly adopted. The evidence there proposed was of the repeated declarations made after the execution of the will, and consisted in stating its contents to be materially and utterly different from what they were. The court say: "To reject the declarations of the only person having a vested interest, and who was interested to declare the truth, whose fiat gave existence to the will, and whose fiat could destroy; and in doing the one or the other, could interfere with the rights of no one, involves almost an absurdity, and (with due deference to the opinions of those who have decided to the contrary, we say) not upon the ground of their being part of the *res gestæ;* for whether they accompany an act or not,

whether made long before or long after making the will, is entirely immaterial as to their competency. These circumstances only go to their weight or credit with the tribunal which is to try the fact.'' (See above note 194, page 269, Vol. 3, Part I., Cowen & Hill's Notes to Phillips on Evidence.)

· Declarations of a testator, made at a distance of ten, and repeated at five, years anterior to the execution of the will, tending to show a fixed and settled purpose to make a will similar to the one in controversy, are admissible to rebut the allegation that it was procured fraudulently or by over persuasion. (Roberts v. Trawick, 17 Ala., 55.)

In determining the question of undue influence, the fact that the will makes an unnatural disposition of the property; the physical and mental condition of the testator at the time; the relative position and motives of the parties, are all proper circumstances to be taken into consideration. (Gilbert v. Gilbert, 22 Ala.)

If the declarations of the deceased can be given in evidence, to sustain, to defeat, to construe, to disparage, and to contradict the most solemn written act of the the party, *a fortiori*, are such oft-repeated and continued declarations for years, admissible and highly proper to show as a circumstance, in such a case as this, in connection with other testimony, that a will was made in accordance with these declarations, and as a circumstance for what it is worth, to rebut the alleged unfair and inequitable parol gift, set up in direct contravention of these declarations, particularly when this gift, from its importance, should have been in writing and witnessed by competent and reliable parties. Instead of this, however, it is made in a corner, and bolstered up under the heavy conflicting testimony of two children of the pretended

donees, who, if not interested in a legally disqualify-
ing sense, were at least naturally and morally directly
interested, and were under the influence and training
of the devisees, and who, at the time of the alleged gift,
from their own statement, could not possibly have un-
derstood the transaction.

We repeat the question, what principle of evidence
was infringed by its admission? Both upon principle
and authority, the testimony was legitimate.

OGDEN, J.—Suit was instituted in this cause by the
appellees as administrators on the estate of Robert G.
Stadler, against the appellants in 1864, to obtain pos-
session of certain promissory notes belonging to said
estate, and the last will and testament of the said
Robert G. Stadler, deceased, which they charge the de-
fendants in the court below of having, by a fraudulent
combination, got possession of, and that now, by sup-
pressing said will, they claim said notes as their own
property, or rather as the property of one of the de-
fendants, Malinda A. Griffin. They further charge
that the defendants are endeavoring to collect said
notes, and have collected a portion of the same, and
converted the proceeds to their own benefit. They pray
for an injunction against the defendants, and that a re-
ceiver be appointed to receive and collect said notes,
and for a final judgment against the defendants for
those notes not collected, and for the amount of money
collected by them.

The defendants answer by a general demurrer and
general denial; and further, they say that several weeks
before his death, the said Robert G. Stadler, for and in
consideration of the love and affection he bore to the
defendant, Malinda A. Griffin, who was his niece, did
give to her the said notes referred to in plaintiff's peti-

tion, to have, keep, and enjoy the same as her own property, with the exception of about three hundred dollars to be paid out of the proceeds of said notes. That the said R. G. Stadler, at the time aforesaid, and during his lifetime, delivered said notes to the defendant, Malinda A. Griffin, and that she and her said husband have held the same as their own property, and that therefore the plaintiffs have no right or interest in the same; and they pray for judgment against the plaintiffs for costs.

There were several amended petitions and answers, setting up other facts and making other parties, which need not now be particularly noticed in order to the determination of this cause as it is here presented. The cause was submitted to a jury, and there was a verdict and judgment for the plaintiffs, and the defendants have appealed.

The only question which requires a particular consideration, in order to a proper determination of this cause, is, did Robert G. Stadler, before his death, part with the ownership of the notes in dispute, by gift to his niece, Malinda A. Griffin, and deliver them up to her as her own property? This was purely a question of fact, for the jury to determine from the evidence which was before them. That question was, we think, fairly and fully presented in the charge of the court, and the jury found a verdict denying the gift. If, therefore, that verdict is supported by legitimate and proper evidence, it is not the province of this court to interfere and set the judgment aside, notwithstanding there may have been evidence to support the gift. The evidence is to some extent conflicting, and tending to prove different facts, and to lead the mind to contradictory conclusions. There certainly was sufficient evidence, if uncontradicted directly or by implication, to establish the fact of the gift; and we are not prepared to say that

45—XXXV

there was not sufficient proof, if unrebutted, to disprove the gift to a reasonable certainty.

It is, however, claimed by the appellants that the court erred in permitting improper and illegal testimony to go to the jury, to disprove the gift claimed by them. And first, it is claimed that the court erred in permitting the declarations of the alleged donor, made before and subsequent to the alleged gift, to disprove any presumptions of a gift.

That the declarations of a grantor, made subsequent to the grant, cannot be given in evidence to vary, contradict, or destroy a solemn deed or grant, is too well established upon reason and authority to be now called in question. It may also be said to be equally well settled that the verbal declarations of a testator are not admissible to vary or revoke a valid written will. It is also a well settled principle of law, that a voluntary donation, when complete, is beyond the power of the donor to recall or control. But in either case the law presupposes that there is no question or doubt as to the complete execution of the grant, the will, or the gift. But when there is a denial or doubt as to the legal and complete execution of the grant, the will or gift, the authorities do not agree as to the admissibility of the declarations of the grantor, testator, or donor, to disprove the legal execution of the alleged act. It is contended by many authorities, cited in Cowen & Hill's Notes to Phillips on Evidence, and in Reel v. Reel, in 1 Hawk's N. C. Reports, 248, and cases there cited, that the declarations of the alleged testator, or donor, were admissible to disprove the will or the donation. But in Phœnix v. Dey, 5 Johnson's R., 412, and in Sprague v. Kneelan, 12 Wend., 161; Darr v. Barker, 6 Cowen, 377; and in Woodruff v. Cook, 25 Barb., 510, it is contended with much force that the declarations of the

testator or donor were admissible in no instance to disprove a will, or gift, or sale.

The case of Woodruff v. Cook is quite similar to the one at bar, where an administrator brought suit against the defendant for a mare claimed to have been sold or given to defendant by the intestate before his death; and the court refused to allow the plaintiff to give in evidence the declarations of the deceased, establishing the fact that at the time of or just before his death, he claimed the animal as his; and on an appeal the Supreme Court of New York approved that ruling, and distinctly denied the authority as cited in Cowen & Hill's Notes. And in Brown v. Mailler, in 2 Kernan, 118, Justice Denio, in delivering the opinion of the court, says: "The declarations of the intestate touching the title to personal property are evidence against t ie administrator, but are not competent evidence against other parties who claim title under the deceased." The case of Reel v. Reel was a case of a contested probate of a will, and evidence was offered to prove the acts and words of the testator at the time of the execution of the will, in order to establish the fact that the same was obtained through fraud and undue influence, and the court decided that the same was admissible as a part of the *res gestæ*. But we have been unable to find any authority conflicting with the decision in Woodruff v. Cook, or Brown v. Mailler, excepting the cases in Cowen & Hill's Notes, which are declared not to be law. Upon this question we feel called upon to defer our judgment to the weight of authority, and decide that the court erred in permitting the declarations of R. G. Stadler, during his lifetime, to be given in evidence to defeat the alleged and proven gift to Malinda A. Griffin, which had been fully executed by delivery of possession.

It must be admitted that the proof of the donation was, under all the circumstances, quite weak. But if the donation was in truth made, then it would be exceedingly hard to allow a casual remark of the donor to defeat that gift, and that too when, perhaps, an entire different purpose was intended by the donor in making the remark. And as this cause must be reversed for the error indicated, we deem it necessary only to notice a few of the other errors complained of.

We are of the opinion, that under the pleadings in which the defendants below were charged with a fraudulent combination to injure and defraud creditors and the remaining heirs of the deceased, that when such a fraudulent combination had once been established by proof or otherwise, then the admissions of either party might have been given in evidence as against the interest of the other,—since the laws regulating and protecting the rights of married women were never intended as a shield to her own voluntary fraudulent acts.

In relation to appellants' eleventh assignment of error, we need now only say, that as the court appears to have followed the rule in regard to the organization of, and challenges to the jury, which has long been practiced in most districts of this State, we are not inclined at present to make any specific rulings in relation to the matter ; but in view of the great importance of an equitable, definite, and uniform practice throughout the State in this respect, we may take an early occasion to lay down such rules as may be considered most necessary to secure the ends of the law and justice.

For the errors indicated the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.