FLORENCE McKNIGHT ET AL. v. MRS. N. M. REED ET AL.

Decided October 22, 1902.

1.—Deed—Declaration of Grantor—Advancements—Delivery.

Declarations of a grantor subsequent to the execution and delivery of a deed are not admissible in disparagement of the title conveyed; and this rule applies where such declarations were that deeds made to his grandchildren, but put in possession of another for delivery to them on the grantor's death, were intended as advancements to be counted against the interest of the father of grantees, then living, as heir of the grantor.

2.—Evidence—Party—Transactions with Deceased.

The restriction of the right of a party to testify to declarations of a decedent (Revised Statutes, article 2302) applies though the testimony of the party would not affect his interest save by a judgment for costs.

3.—Evidence—Conclusion of Witness.

Where purpose or intention is in issue, acts or declarations evidencing same may be proven, but not the understanding or conclusion of the witness thereto as to such purpose or intention.

**4.—Deed—Delivery—Relation.**

A deed placed by the grantor in the hands of another for delivery to the grantees on the maker's death, where delivered on the happening of that event, divests the grantor's title, by relation from the time of the original delivery by him.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Duncan G. Smith* and *A. M. Monteith,* for appellants.

*A. J. Harris,* for appellees.

FISHER, CHIEF JUSTICE.—Appellant's seventeenth assignment of error is, in part, well taken. Some of the evidence of some of the witnesses named in this assignment seeks to establish and prove the declarations of William Reed after the execution of the deeds under which the plaintiffs claim. It was proper to permit the witnesses to testify as to what was said and done by William Reed, prior to and at the time of executing the deeds to his three granddaughters, Florence, Ida and Bettie, children of W. C. Reed by his first wife, but what was said and done by him subsequent to the execution of these deeds and after the time that he inteneded that they should take effect was not admissible in disparagement of their title. The deeds purported upon their face to be absolute conveyances in fee, and there is nothing in their terms indicating that William Reed intended that they should be considered as advancements as a part of the estate that the grantees might ultimately be entitled to receive from their father, W. C. Reed. Declarations and statements made by William Reed subsequent to the time that these conveyances were executed, to the effect that it was his purpose that the grantees should receive the property in the nature of advancements, would qualify and limit their right, to some extent, in the estate that they expected to inherit from their father, and rests the deeds upon a different consideration from that stated on their face. The general rule that declarations of the grantor, subsequent to the execution and delivery of the deed, are not admissible in disparagement of the title conveyed, applies in this case. Owen v. Tankersly, 12 Texas, 407; Griffin v. Stadler, 35 Texas, 706; Wallace v. Berry, 83 Texas, 332; Bellville v. Jones, 74 Texas, 151.

It is true that the deeds in question did not go into the possession of the grantees until after the death of William Reed; but the evidence warrants the conclusion that it was the intention and purpose of William Reed that these deeds should take effect from the date of their execution. They were prepared and written at his requst by his daughter, Mrs. Rucker. There is evidence to show that at the time of the execution of the deeds, he intended them to take effect as advancements; and when he deposited them with his daughter, Mrs. Rucker, to be delivered by her

after his death, she held them, not in escrow, but as bailee for the owners, burdened with the duty to deliver upon the death of her father.

We rule against appellant upon the other questions raised in this assignment, but for the error pointed out, the judgment will have to be reversed; and in view of this fact we will notice other objections to the evidence raised by the eighteenth and nineteenth assignments of error.

It was permissible for Mrs. N. M. Reed to testify as to what was said and done by William Reed, but not subsequent to the execution and delivery of the deeds discussed under the seventeenth assignment of error. But in view of article 2302, Revised Civil Statutes, she could not testify as to what was said and done by her deceased husband, or as to transactions that occurred between him and her. She was a party to the suit and she comes within the prohibition of the statute. Her testimony may not have affected her interest, so far as her right to recover the homestead and life estate in the property involved in the suit; but being a party to the suit she would evidently be affected by a judgment for costs, if the plaintiffs had recovered.

Some of the witnesses, as complained of in appellant's nineteenth assignment of error, were permitted to testify as to what they understood was the purpose and intention of William Reed in executing the deeds to his granddaughters, Florence, Ida, and Bettie. This testimony was not admissible. It was proper for the witnesses to state the conduct of William Reed, and what was said, if anything, by him concerning his purpose and intention prior to the time that the deeds were intended to take effect; but it was not permissible for the witnesses to state their conclusions, based upon the facts, or to state what was the purpose and intention of William Reed and W. C. Reed. It was for them to state the facts, and not what they supposed was his purpose and intention. That was a conclusion to be reached by the court and the jury from all the facts that might be testified to by the witnesses.

We have considered all of the appellants' other assignments of errors, and none are well taken except those discussed.

For the errors pointed out, the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>

OPINION ON REHEARING.

FISHER, Chief Justice.—Appellees in their motion for rehearing contend that this court erred in holding that the deeds by William Reed to his granddaughters took effect before his death; and that therefore it follows that we were in error in the ruling that the declarations of William Reed, showing what his purpose and intention was after the date of the deeds, was not admissible. A further investigation of this question has strengthened us in the correctness of our original conclusion upon this subject. Under the doctrine of relation, when the contingency happens that entitles the grantee to possession of his evidence of title, all

rights acquired by the conveyance will relate back to the date of its execution.

In Parker v. Spencer, 61 Texas, 162, where the question arose whether or not limitation could be asserted under a deed which was not actually delivered, but was held by others as an escrow to be delivered when the purchase money was paid, it was said:

"It is objected that the deed from Everts to the Bomars was an escrow from 1854 to 1856; and therefore there was no connective and continuous holding under deed or deeds duly recorded. The conveyance was made and recorded and placed with an attorney to be delivered when the Bomars paid the balance of the purchase money, which became due in 1856. This purchase money was paid when it became due in 1856, and the deed was delivered. During the interim the Bomars were in the actual possession of the land, cultivating, using and enjoying the same, paying the taxes and claiming the same openly, notoriously, and adversely to appellants and all the world. Undoubtedly, when the money was paid and the deed was fully delivered, that delivery related back to the date when the Bomars purchased and went into possession."

In O'Kelley v. O'Kelley, 49 Massachusetts, 436, Chief Justice Shaw, speaking for the court, says: "A deed was made, executed, and acknowledged by the ancestor. The question was whether it was delivered so as to take effect and pass the estate. If it was delivered by the grantor to any person in his lifetime to be delivered to the grantee after his decease, it was a good delivery upon the happening of the contingency, and related back so as to divest the title of the grantor by relation from the first delivery."

We have fully considered the points raised in appellee's motion for rehearing, and it is overruled.

*Motion overruled.*