## HAMBLETON v. DIGNOWITY et al.
### (No. 5780.)

(Court of Civil Appeals of Texas. San Antonio. April 25, 1917. On Motion for Rehearing, June 30, 1917.)

1. VENUE ⬅️32(2)—PRIVILEGE OF DEFENDANT —WAIVER.

Where appellant prior to her renewed plea of privilege to be sued in the county of her residence filed an application for a continuance, which was passed on at the same term, she waived the right to urge the privilege.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 49.]

2. TRUSTS ⬅️42—PAROL TRUSTS—EVIDENCE.

In a suit by plaintiffs, grantor's grandchildren, to establish a parol trust upon land apparently conveyed absolutely to defendant, grantor's daughter, where defendant had introduced evidence to the effect that grantor had stated that she had given plaintiffs' fathers all that was coming to them, it was proper to permit plaintiffs to introduce a deed of gift from grantor to defendant executed 20 years before the intended trust deed to show that grantor had also helped defendant by giving her many lots.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 61.]

3. EVIDENCE ⬅️273(1)—PAROL TRUST—DECLARATIONS—ADMISSIBILITY.

In a suit by plaintiffs, grantor's grandchildren, to establish a parol trust upon land conveyed to defendant, grantor's daughter, that grantor retained possession and absolute control of the premises did not make her declara-

tions after the conveyance in disparagement of grantor's title admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1110.]

4. TRUSTS &wkey;42 — PAROL TRUS.: — DECLARA-TIONS—ADMISSIBILITY.

Nor was testimony in regard to the acts relied upon to show exercise or control of premises by grantor admissible.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 61.]

5. TRUSTS &wkey;42 — PAROL TRUST — DECLARA-TIONS—ADMISSIBILITY.

The testimony tending to show that the defendant had knowledge of the provisions of grantor's will executed four years before the deeds was inadmissible to prove the existence of a trust under the deeds or for the purpose of impeaching defendant's statement that she had never heard of plaintiff's claim until six years after the deeds were executed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 61.]

6. TRUSTS &wkey;42 — PAROL TRUST — DECLARA-TIONS—ADMISSIBILITY.

Plats and deeds, as well as statements of grantor, made prior to her will executed four years before the deeds conveying the land, were admissible.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 61.]

On Motion for Rehearing.

7. TRUSTS &wkey;42 — PAROL TRUST — DECLARA-TIONS—ADMISSIBILITY.

No trust can be created by the declarations of the grantor made after delivery of the deed of trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 61.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by the Southwest Baptist Hospital against Hallie B. Dignowity and another in which defendants filed a cross-bill impleading Imogene T. Hambleton. From a judgment for defendants on the cross-bill, Hambleton appeals. Reversed and remanded.

Moody & Boyles, of Houston, for appellant. W. W. King and J. D. Guinn, both of San Antonio, for appellees.

MOURSUND, J. This is an appeal from a judgment rendered upon a cross-bill filed by Dorothea Dignowity (now Dorothea Currier) and Hallie B. Dignowity in a suit which was instituted against them by Southwest Baptist Hospital to remove cloud from the title to a block of land in the city of San Antonio, which the hospital had purchased from Imogene T. Hambleton, appellant herein, paying part cash and giving vendor's lien notes for the balance. Appellees filed this cross-bill impleading appellant. Upon a former trial judgment was rendered for the hospital removing the cloud from its title, which judgment was affirmed upon the former appeal of this case, reported in 172 S. W. 574, but the judgment which had been rendered upon the cross-bill was reversed and the cause, as to said cross-bill, remanded. The mandate was filed in the trial court on

November 1, 1915. On December 10, 1915, appellant filed an amended answer. On February 16, 1916, appellant renewed and reurged her plea of privilege, and the same was overruled. A trial was had before a jury, and upon the answer of the jury to a special issue, judgment was rendered that appellees are entitled to a part of the purchase money of said property, and that each recover of and from appellant and the hospital the sum of $5,715, and foreclosing a vendor's lien for the payment of such amounts.

There is no controversy concerning the pleadings, so it will suffice to say that the issue made thereby is well stated in the special issue submitted to the jury, viz:

"At the time the two deeds of January 16, 1907, were signed, acknowledged, and delivered by Amanda J. Dignowity to Imogene T. Hambleton, was it, or not, agreed and understood between them that the said Imogene T. Hambleton should hold three corner lots out of block 10 in trust for each of said Amanda J. Dignowity's granddaughters. Dorothea Dignowity, Hallie B. Dignowity, and Helen Hambleton, each to have a corner lot as described in the answer of Dorothea and Hallie B. Dignowity, so that she (the said Imogene T. Hambleton) would have power to sell said lots, and pay over the proceeds to said grandchildren?"

[1] The first assignment of error reads as follows:

"The court erred to the prejudice of this defendant in overruling and denying the plea of privilege of this defendant to be sued only in Harris county, Tex."

Appellant filed a plea of privilege, which was overruled on November 10, 1913, and upon the former appeal an assignment complaining of such ruling was overruled. After the mandate was issued, appellant, on February 16, 1916, amended and again pleaded her privilege to be sued in the county of her residence, which plea was also overruled. The ruling upon the renewed plea cannot be complained of because the cause was continued generally at the December term, and an application for a continuance was filed by appellant during, and passed upon at, the February term prior to filing said plea of privilege. By these acts the right to thereafter file and urge a plea of privilege was waived. It may well be doubted whether appellant was entitled to again raise the question of her privilege to be sued in the county of her residence, but if she was, her plea could not have any better standing than if the cause had been instituted at the time the mandate reached the district court, and by the acts above mentioned, which occurred after the cause was again pending in the trial court, she waived such plea. The assignment is overruled.

[2] The court did not err in admitting in evidence a deed of gift from Mrs. Amanda J. Dignowity to appellant, dated November 17, 1879, conveying a large number of lots. The objection was that this deed did not tend to

show that deeds executed 20 years later were intended in part as a trust. In view of the fact that appellant introduced testimony to the effect that her mother had stated that she had helped her sons, the fathers of appellees, along in their business ventures, and that she considered she had given them all that was coming to them out of her estate, it appears to us that it was proper to permit appellees to show that their grandmother had also helped appellant by giving her many lots.

[3] Appellant complains of the admission of the testimony of H. L. Dignowity to the effect that Amanda J. Dignowity made a statement to him after the execution and delivery by her of the deeds to appellant, to the effect that she wanted appellees to have "what she had given them prior" and had made the deeds to appellant with the understanding that by handling it all in her name perhaps she would be able to borrow money or settle up better. This testimony was objected to on the ground that the declarations of the grantor, made after the execution of the deeds, and not in the presence of the grantee, are inadmissible for the purpose of ingrafting a parol trust upon said deeds. This objection was overruled, as is apparent from the qualification to the bill of exceptions, on the ground that testimony had been introduced to the effect that said grantor was in actual control and possession of the premises at the time such declarations were made. Upon the former appeal this testimony was held inadmissible, and also the testimony of H. L. Dignowity to the effect that his mother had control of the property up to the time of her death, which was objected to solely on the ground that it was the conclusion of the witness. It is apparent from the opinion that this court held that the continuation by Mrs. Dignowity of her residence upon the premises did not make the testimony admissible, but as the character of the possession was stated, and the objection to the testimony of H. L. Dignowity to the effect that his mother had control of the property up to the time of her death was sustained on the only ground urged, and therefore no other was discussed, the trial court evidently understood that there might be such character of possession retained by a grantor as would make declarations admissible, though made after execution and delivery of deeds. We did not so hold, but if there could be such possession, we conclude it is not shown by the facts of this case. The deeds were delivered on January 16, 1907. Mrs. Dignowity was 87 years of age, and, according to H. L. Dignowity's testimony, in a dying condition from that date to January 27, 1907, the date of her death. Such witness when interrogated in regard to her activities evaded questions, and the substance of his testimony was that she once told him to see if one of the servants did his work, and he thought his mother had asked him upon one occasion to get some meat. Mrs. Dignowity elected to stay with her daughter during the few days remaining to her, and the trivial matters testified about did not tend to show that she still considered herself the owner of the premises. We do not believe that possession and absolute control of premises by the grantor would in a case like this justify the admission of declarations in disparagement of the grantee's title. It is true that in fraud cases it is held that possession will have that effect, but possession by the grantor is an indication that title has not passed from him, and when his creditors attack his conveyance for fraud, they can introduce his declarations which also tend to show that he is merely concealing his property. Mrs. Dignowity's retention of possession could not tend in the slightest degree to show any title or right in her granddaughters, and no reason can be urged why her declarations in disparagement of her grantee's title should be admitted.

[4] In view of this conclusion, we hold that H. L. Dignowity's testimony in regard to the acts relied upon to show exercise of control over the place by her was not admissible, and sustain the third and fifth assignments. Said last-mentioned testimony is objected to upon this appeal, not only on the theory that it consisted of conclusions, but upon the ground that it was irrelevant and immaterial in that it did not tend to prove the existence of a trust.

The testimony of H. L. Dignowity cannot be held harmless on the ground that similar testimony was admitted without objection, for it is not clear that Mrs. Purkiss intended to say that any statement was made to her after the deed was executed. In fact, her testimony was construed by us on the former appeal to relate solely to declarations made prior to the execution of the deed. The fourth and fourteenth assignments are overruled.

[5] The sixth assignment is sustained. Appellant's knowledge of the provisions in the will of her mother, executed in 1903, concerning the payment of $1,000 to each granddaughter, did not tend to prove the existence of a trust under deeds made in 1907. Appellees contend this was admissible in impeachment of appellant's statement that she had never heard of appellees' claim until 1913. They lose sight of the fact that appellant's knowledge of the provisions in the will could not possibly apprise her of the fact that the granddaughters claimed that appellant under deeds made in 1907 held certain lots in trust for appellees.

The seventh assignment is also sustained.

[6] The eighth assignment is overruled. The plat and deeds, as well as the statements made by Mrs. Dignowity prior to 1903, were all admissible, for they showed that at one

time Mrs. Dignowity intended for the appellees to have the lots which they claim are held in trust for them. In view of the will of 1903, such evidence was of only slight probative value, yet the very fact that such an intention existed at one time is a circumstance which shows probability that she might again adopt such intention and therefore admissible.

By the thirteenth assignment complaint is made of the judgment in so far as it was rendered against the hospital for the sums awarded appellees, and for foreclosure of the vendor's lien against the block of land. We believe the complaint is well founded in so far as the judgment awards appellees a foreclosure of lien. The hospital has not complained of the judgment.

By various appropriate assignments appellants raise the issue as to the sufficiency of the evidence to establish the trust pleaded. The evidence is not exactly the same as upon the former appeal, but the really important features are the same, and the views expressed at that time with reference thereto are still held by us.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

Appellees contend, in effect, that in holding the declarations of Mrs. Dignowity to Henry Dignowity, made after the delivery of the deed, to be inadmissible, we announced a rule at variance with all the authorities. We have given careful consideration to the authorities relied upon, and are of the opinion that most of them have no application to the question presented. See 109, vol. 1, Greenleaf on Evidence, Smalley v. Paine, 62 Tex. Civ. App. 52, 130 S. W. 742, and Lord v. Insurance Co., 27 Tex. Civ. App. 139, 65 S. W. 699, citations greatly relied upon, relate to declarations made by a grantor in disparagement of his title or explanatory of or qualifying his possession, and have no bearing on the question whether declarations of the grantor are admissible, made after the delivery of the deed, in disparagement of, limiting or destroying in part, the title of the grantee, who is also in possession of the premises. The case of Carleton v. Baldwin, 27 Tex. 573 is also cited, but that was a case in which the deed was attacked as fraudulent, and the court expressed the opinion that the exercise of some agency or trust in connection with the property would have the same effect as possession with reference to showing a prima facie case of fraud such as would permit the introduction in evidence of declarations of the grantor.

While it appears very clear to appellees that we are wrong, they have been unable to cite a single case directly in point, nor have we been able to find one. We believe it would be exceedingly dangerous to permit the introduction in evidence of such declarations, especially as in this case, when they do not purport to reproduce what was said by the grantor to the grantee, but merely the grantor's understanding of the purpose she had in mind in making the deed.

[7] No trust can be created by the declarations of the grantor made after the delivery of the deed, and yet by admitting such declarations in evidence the practical effect may be to permit the creation of the trust by such declarations. So far as this case is concerned, the conduct of the grantor in remaining on the premises with the grantee is thoroughly explained, and had no reference to the trust attempted to be shown, for that trust was not alleged to exist in favor of the grantor, but of other parties, and we are convinced that to permit the introduction of the declarations upon any technical theory, based upon the fact of the grantor's remaining on the premises, would be wrong. In the case of McKnight v. Reed, 30 Tex. Civ. App. 204, 71 S. W. 318, it was held that declarations of a grantor made subsequent to the execution of deeds to his granddaughters, and subsequent to the delivery of the deeds to his daughter, to be held until his death, were not admissible for the purpose of showing that the land was given to the grantees as an advancement to be charged against their portion of their father's estate. While the opinion fails to state that the grantor remained in possession of the land, it was contended upon motion for rehearing that such was the case, and the testimony supported the contention.

We conclude that we erred in sustaining the contention that the judgment was erroneous in that it awarded appellees a foreclosure of the vendor's lien. The mere fact that none of the notes had matured at the time the appellees' last amended cross-bill was filed would not preclude the court from awarding appellees such relief under their prayer for general relief as they were entitled to under their pleadings at the date of the trial. The proposition of appellants submits the contention just considered, and we are limited to same. As all notes are now due, no question will arise upon another trial with regard to whether appellees, if they sustain their theory are entitled to ownership of that part of the indebtedness which is due.

In view of the fact that the judgment is reversed on account of the admission of certain testimony which was materially prejudicial to appellant, we deem it unnecessary to discuss the evidence or to announce any conclusion with reference thereto.

Appellees' motion for rehearing is overruled, and also appellant's motion.