**MAXWELL et ux. v. CAMPBELL.**

No. 1806.

Court of Civil Appeals of Texas. Waco.

Jan. 7, 1937.

Rehearing Denied March 18, 1937.

Rogers & Rogers and Prentice Oltorf, all of Marlin, for plaintiffs in error.

Thos. L. Tyson, of Franklin, for defendant in error.

ALEXANDER, Justice.

This suit was brought by Nick Maxwell and wife against C. M. Campbell to annul and set aside a warranty deed executed by plaintiffs to the defendant, by which they conveyed to him 167 acres of land in Falls county. The deed recited that it was given in consideration of the cancellation of the balance of grantors' indebtedness of $2,458.91 to C. M. Campbell & Co. (of which grantee was one of the partners and general manager), and the further consideration that grantee accepted the conveyance subject to a lien in favor of the Dallas Joint Stock Land Bank of Dallas for the sum of $2,700. The plaintiff alleged, among other things, that the consideration for the conveyance had not been paid; that the conveyance was intended as a mortgage to secure the payment of grantors' indebtedness to C. M. Campbell & Co.; and that the property constituted a part of the homestead of the grantors, and at the time of the execution of said deed a representative of the grantee represented to the wife that the instrument being executed by her was a release of a certain lien held by the grantee on the land. The jury, in answer to special issues, found that the consideration recited in the deed was paid, and that grantee's representative did not represent to the wife that the instrument signed by her was a release of a lien on said land. Based upon the verdict, the trial court rendered judgment for the defendant. The plaintiffs sued out this writ of error.

The deed in question was executed on March 26, 1931, and thereafter the plaintiffs executed a lease contract, by which they leased the land from the defendant for a share of the crop to be

produced thereon. Thereafter, in 1932 and 1933, the plaintiffs incurred a new account with C. M. Campbell & Co. for merchandise furnished to them, and in 1933 they executed a note to C. M. Campbell & Co. for said indebtedness and secured the payment of same by a chattel mortgage lien on the crop and on the teams and tools owned by them. In 1934, suit was brought on said note in the district court of Robertson county and the property covered by the lien sequestered, and thereafter foreclosure was had and said property sold in satisfaction of the judgment. Upon a trial of the case at bar, the plaintiffs offered to prove what had become of said personal property, that is that the defendant had levied on and sold the same in satisfaction of the judgment obtained in Robertson county, and also offered to prove the value of said personal property. We think the trial court correctly held that the evidence was immaterial to any issue in this case. It related to a transaction that arose entirely subsequent to execution of the deed in question and was in nowise connected therewith.

The plaintiffs offered to prove that in December, 1931, after the execution and delivery of the deed in question, the plaintiffs had executed and delivered to an oil company an oil and gas mining lease on the land in question, but the trial court excluded the evidence. We think the evidence was properly excluded on the ground that the same constituted a self-serving assertion of title on the part of the plaintiffs not made under such circumstances as to take it out of the rule which usually makes self-serving declarations inadmissible. Ellis v. Haynes (Tex. Civ.App.) 216 S.W. 249; Hambleton v. Dignowity (Tex.Civ.App.) 196 S.W. 864; 17 Tex.Jur. 596.

Plaintiffs complain because the court permitted the defendant to testify that it was customary to purchase land subject to outstanding lien indebtedness and without assuming such indebtedness. The only objection made to the testimony was that it was immaterial and irrelevant. Even though the evidence was immaterial and irrelevant, its improper admission was not so harmful as to present reversible error. 17 Tex.Jur. 350; Chicago, R. I. & G. R. Co. v. Thompson, 58 Tex.Civ. App. 134, 124 S.W. 144.

Plaintiffs contend that the pleadings and evidence were sufficient to raise an issue as to whether the deed in question was intended as a mortgage and not as a conveyance and that the trial court erred in failing to submit such issue to the jury. The contention that the deed was intended as a mortgage constituted one of plaintiffs' complete grounds for a recovery. No request was made for the submission of such issue to the jury, and hence it is deemed that plaintiffs waived such ground of recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

We have carefully considered all other assignments and find no reversible error.

The judgment of the trial court is therefore affirmed.