Emma MAXWELL et al., Appellants,

v.

C. M. CAMPBELL, Appellee.

No. 3295.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1955.

Rehearing Denied Oct. 27, 1955.

Peter P. Cheswick, Houston, for appellants.

Parten & Parten, Franklin, for appellee.

HALE, Justice.

Appellants are the surviving widow and children of Nick Maxwell, deceased. They filed this suit on April 1, 1954, as an action in trespass to try title against appellee, C. M. Campbell, seeking to recover from him the title and possession of 167 acres of land in Falls County. Appellee answered their suit with various pleadings, including a verified plea of res adjudicata based on a prior proceeding in the court below between Nick Maxwell and his wife, Emma Maxwell, on the one hand, and himself on the other hand, wherein the court adjudicated the issue of title and right of possession of the 167 acres involved in the present suit to be in appellee. After appellee had filed his answer in the present suit, he duly filed and presented to the trial court his unverified motion for summary judgment in this cause, under the provisions of Rule 166–A, Texas Rules of Civil Procedure, the motion being based upon the prior judgment which was rendered on November 30, 1934, and which, on appeal to this court, was affirmed as shown by the opinion in Maxwell v. Campbell, Tex. Civ.App., 102 S.W.2d 471. The motion of appellee for summary judgment was granted and judgment was rendered accordingly that appellants take nothing herein.

In his motion for summary judgment, appellee referred specifically to the prior judgment which was rendered on November 30, 1934, to the pleadings filed in that cause, to the evidence adduced therein, to the charge of the court and the verdict of the jury, as well as the judgment and opinion of this court on the appeal of the cause, certified copies of each reference having been duly filed by the clerk of the trial court in the present suit as fully alleged in the motion for summary judgment. In their answer to appellee's motion for summary judgment, appellants objected to a consideration of the certified copies of the proceedings in the prior suit as filed in the court below and as referred to in the motion for summary judgment, because such certified copies were not attached to appellee's motion for summary judgment. Although appellants have not challenged the authenticity of such prior documents and court records, or the truth of the facts evidenced thereby, either in the trial court or in this court, they say under their first point of error that the consideration of such documents by the trial court in connection with appellee's motion for summary judgment was erroneous under the provisions of Rule 166–A, T.R.C.P. We overrule this contention upon the holding by the Supreme Court in Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, pts. 7 and 8.

Under the second point in their brief, appellants say the prior judgment rendered in the court below on November 30, 1934, cannot serve as the basis for a valid plea of res adjudicata in the present suit because the prior judgment was and is void in that it did not adjudicate the homestead rights of Nick Maxwell and wife, notwithstanding the homestead issue, was raised by the pleadings and evidence in that suit.

It is elemental that a *void* judgment cannot serve as the basis for a valid plea of res adjudicata or for any other plea. As said by this court in the case of Thompson v. Thompson, Tex.Civ.App., 238 S.W.2d 218 (er. dis.), in so far as a *void* judgment purports to be the pronouncement of a court, it is not only invalid but is an absolute nullity and is in

contemplation of law, no judgment at all. But we do not think the judgment which was rendered in the court below on November 30, 1934, against Nick Maxwell and wife was void or subject to collateral attack. That court was a court of competent jurisdiction lawfully acquired over the person of the parties to the prior proceeding and the subject matter involved in that suit. After due consideration of the pleadings, the evidence and the verdict of the jury in the prior suit, the trial court, in the exercise of its jurisdiction, rendered judgment refusing to set aside the warranty deed which Maxwell and wife had voluntarily executed and delivered to appellee herein on March 26, 1931, whereby they conveyed to appellee the 167 acres here in controversy. The court further decreed that Maxwell and wife take nothing by their suit and that they be permanently enjoined from going upon the land in controversy or from interfering in any way with appellee's possession thereof. Having removed the prior proceeding into this court by writ of error for review, the judgment rendered by the trial court was affirmed. In our opinion the judgment in the prior suit finally adjudicated all material matters of law and fact which appellants are attempting to re-litigate in the present suit. Under the doctrine of res adjudicata, appellants are precluded from re-litigating the issues which were, or could have been, pleaded and proved in the prior suit. Tadlock v. Eccles, 20 Tex. 782; Nichols v. Dibrell, 61 Tex. 539; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600 (er. den.); Hunt v. Wichita County Water Improvement Dist. No. 2, Tex.Civ.App., 213 S.W.2d 343 (er. ref. n. r. e.); Adams v. Adams, Tex.Civ.App., 214 S.W.2d 856 (er. ref.)

Furthermore, it appears to us that it was immaterial in the prior proceeding, as it is in the present suit, whether the 167 acres of land in controversy ever constituted the homestead of Nick Maxwell and wife, unless the deed which they executed and delivered to appellee on March 26, 1931, was intended as a mortgage. If the deed which they executed was in fact intended only as a mortgage, then in that event the homestead issue would have become material. Whether the deed was or was not intended as a mortgage was not directly submitted to the jury in the prior proceeding, but that Maxwell and wife could have waived, and did waive, the submission of that issue to the jury, assuming that the issue was raised by the evidence, we have no doubt. That was the express holding of this court on the prior appeal, based upon Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. We reiterate such holding on this appeal.

Under the third point in their brief, appellants say that since they alleged that they had been in possession of the land in controversy after the judgment in the prior proceeding had become final, they were entitled to a trial on the merits in this case in order to have the court to determine their rights to the land as possessors thereof. We cannot agree with this contention. In the first place, the petition in a formal action in trespass to try title is often fictitious, the form and requisites thereof having formerly been prescribed by statute and now being prescribed by Rule 783, T.R.C.P. Furthermore, none of the appellants could have been in lawful possession of any of the land in controversy at any time subsequent to November 30, 1934, when Nick Maxwell and wife were permanently enjoined from going upon the land or from interfering with appellee's possession thereof.

Finding no reversible error, each of appellants' points is overruled, and the judgment appealed from is affirmed.