FORT WORTH & RIO GRANDE RAILWAY COMPANY v. R. R. GALTON.

Decided January 19, 1907.

**Carriers of Live Stock—Muddy Pens.**

There being no statutory provision prescribing any particular character of pens to be provided by railroad companies for the reception of such live stock as might be tendered for shipment, it can not be said as matter of law that the fact that the pens furnished are muddy, is negligence. Carriers are not liable for injury caused by unprecedented climatic conditions. Whether or not the furnishing of muddy pens in a particular case is negligence is a question of fact for the jury.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*Martin & George,* for appellant.

*Nugent & Carter,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit to recover the sum of four hundred dollars as damages to a shipment of cattle made from Stephensville, Texas, to Fort Worth, Texas. Appellee alleged in his petition that on January 11, 1905, he delivered to the appellant company for shipment to Fort Worth sixty head of cattle that were in good, marketable condition; "that the defendant company failed to furnish suitable stock pens and carelessly and negligently permitted said pens to be muddy and to contain deep mud holes and water," by reason of which appellee alleged that his cattle became muddy when he placed them in the pens and were thereby injured and depreciated in market value. He recovered a judgment for the sum of one hundred and eighty-three dollars and thirty-five cents, with interest, etc., from which this appeal has been prosecuted.

We consider it necessary to discuss but a single issue raised by the assignments. The court, among other things, charged the jury as follows: "It is the duty of the railroad company to provide suitable stock pens in which to hold a shipper's cattle, for shipment, and if they fail to do so, and the shipper's cattle are thereby injured the railroad company is liable in damage to shipper for such injury by reason of the bad condition of such stock pens.

"Now if you find by a preponderance of the evidence that the stock pens were in a bad condition, at the time the plaintiff, Galton, placed his cattle in the said pens, for shipment, and his cattle were damaged and that the direct and proximate cause of injury was the insufficient and defective condition of the said stock pens, if they were insufficient and defective, and by reason of such damaged condition, if any, plaintiff's cattle sold for less than their market value at Fort Worth, Texas, you will find for plaintiff for whatever sum you find they were damaged not to exceed $400."

The court gave no other charge on the subject under consideration and the appellant, after the delivery of the main charge, requested the

following special instruction, to the refusal of which error has been assigned: "Before the plaintiff can recover.in this case you must find from the evidence that the defendant was negligent, that the plaintiff received some injury to his cattle, that the negligence of the defendant was the proximate cause of the injury and the evidence must show that the negligence of the defendant was the direct and proximate cause of the injury."

It will be thus seen that the court in its charge in effect assumed that the appellant was guilty of negligence in permitting its pens to be in the muddy condition testified to by appellee. The principal, if not the only damage or depreciation in price of appellee's cattle arose from this cause. A railway company is required by statute to receive and forward freight, including live stock delivered to it for transportation. From this the duty to furnish adequate and suitable pens for the reception of live stock must be implied. We have no statute, however, applicable to cases of live stock prescribing the particular character of pens or enclosures for the reception of such live stock as may be tendered for shipment, and it hence can not be said, as a matter of law, that appellant was negligent in permitting its pens to be muddy at the time appellee placed his cattle therein. It has been more than once held that a carrier is not liable for loss or injury to live stock caused by unprecedented climatic conditions, where the provisions for the protection of stock are sufficient for conditions ordinarily prevailing. See Louisville & N. R. Co. v. Warfield, 98 S. W. Rep., 313; Norris v. Savannah, etc., Ry. Co., 11 Am. St. Rep., 355, and authorities cited in note. The mere proof of the muddy condition of the pens, therefore, does not necessarily establish negligence on the part of appellant in permitting them to be in that condition. It was a question of fact that should have been submitted to the jury. Appellee alleged in his pleading that it was negligent, and before he was entitled to recover, it devolved upon him to prove the allegation. The special charge supplied the omission in the court's general charge and should have been given. (Ft. Worth & Rio G. Ry. Co. v. Cage Cattle Co., 16 Texas Ct. Rep., 53.)

Because of the error of the court in giving and refusing the charges quoted, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*