WILLIAMS & HAWKINS v. GULF & INTERSTATE RAILWAY COMPANY OF TEXAS ET AL.

Decided January 11, 1911.

**1.—Carriers—Through Shipment—Liability of Connecting Lines—Pleading.**

Allegations and proof of verbal contract for shipment of cattle held sufficient to show an undertaking for through shipment over several connecting lines, and to require the giving of a requested charge holding each carrier liable for the default of either, in the absence of proof by either of a special contract limiting its liability to injuries on its own line.

**2.—Carrier of Live Stock—Negligence.**

A railway is not an insurer against injury to live stock in transportation, and is liable only for such as was due to its want of ordinary care.

**3.—Same—Delay—Movement by First Train.**

The fact that a railway forwarded by its first regular train cattle received from another road is not conclusive against the shipper's claim of delay in forwarding, but a charge which made it liable only in case such delay was unreasonable and unnecessary was proper.

**4.—Delay in Furnishing Cars—Causal Connection.**

Though there was delay in furnishing cars for shipment of cattle as promised, yet if the condition of the railway's track over which the shipment was to move was such during the time of delay that shipment of the cattle over it was imprudent, owing to flooded tracks from excessive rainfall, without negligence by the railway in failing to anticipate and guard against same, the delay

in furnishing the cars did not contribute to the injury to the cattle by delay in their shipment.

### 5.—Carrier—Delay—Failure to Explain.

Where there was an unexplained and unexcused delay for five and one-half hours by a railway in forwarding cattle a distance of only eight miles over its road, a verdict relieving it from liability was unsupported by the evidence, and a new trial should have been granted.

### 6.—Evidence—Hearsay—Harmless Error.

Where testimony by the officers of a railway as to the condition of its tracks was from reports made by subordinates, not from personal knowledge, the error in receiving such evidence was harmless when the same facts were proven by other witnesses, and these the same whose reports were the basis of the testimony of such officers.

Appeal from the District Court of Travis County. Tried below before Hon. Chas. A. Wilcox.

*D. W. Doom* and *R. E. McKie,* for appellants.—There being only one contract made for the transportation of said cattle, and that contract being made with the initial carrier for transportation wholly within the State, all connecting carriers accepting the shipment under said contract, recognizing and acquiescing therein, became jointly liable with said initial carrier for all damages occasioned in said transportation. Rev. Stats. of Texas, art. 331a; Texas & Pac. Ry. Co. v. Randle, 18 Texas Civ. App., 348; Missouri, etc., Ry. Co. v. Creath, 3 App. C. C., 109; Gulf, C. & S. F. Ry. Co. v. Insurance Co., 28 S. W. 239; Houston, etc., Ry. Co. v. Ney, 58 S. W., 43; Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454; Gulf, C. & S. F. Ry. Co. v. Golding, 3 App. C. C., 60; Texas & Pac. Ry. Co. v. Lynch, 73 S. W., 65.

A railway company contracting to ship cattle over its own and connecting lines to a certain point is liable for injury to said shipment, occurring on its own or any of the connecting lines. Art. 331a, Rev. Stats. of Texas; Texas, etc., Ry. Co. v. McCarty, 29 Texas Civ. App., 616, 69 S. W., 229; Gulf, etc., Ry. Co. v. Leatherwood, 29 Texas Civ. App., 507; Galveston, etc., Ry. Co. v. Botts, 22 Texas Civ. App., 609, 55 S. W., 514; Galveston, etc., Ry. Co. v. Botts, 70 S. W., 113; Gulf, etc., Ry. Co. v. Baird, 75 Texas, 264; Gulf, etc., Ry. Co. v. Insurance Co., 28 S. W., 239; Texas Express Co. v. Dupree, 2 App. C. C., 275; Texas & Pac. Ry. Co. v. Scrivner, 2 App. C. C., 286.

Where a train of cattle is being transported, it is no defense that delay was caused by shipment being held for next regular train on carrier's line of railroad. Gulf, etc., Ry. Co. v. Porter, 25 Texas Civ. App., 491.

An act of God, in order to excuse defendants from liability for delay, must have been alone the proximate cause of such delay, and if one of the defendant's own acts caused a delay which in conjunction with excessive rainfall injured plaintiffs' cattle, then such defendant would be liable. 1 Am. & Eng. Ency. of Law, 595-596; Texas, etc., Ry. Co. v. Smissen, 31 Texas Civ. App., 549.

Hearsay evidence is never admissible and upon objection should be excluded.   St. Louis, etc., Ry. Co.,v. Miller, 27 Texas Civ. App., 344; Prather v. Wilkins, 68 Texas, 189; Tinsley v. Penneman, 83 Texas, 56; Mo. Pac. R. R. v. Johnson, 72 Texas, 100; Sabine Land & I. Co. v. Perry, 54 S. W., 328; Mugge v. Adams, 76 Texas, 449; Reliance Lbr. Co. v. W. U. Tel. Co., 58 Texas, 398; Davis v. Beall, 21 Texas Civ. App., 183; Wade v. Work, 13 Texas, 483; McKinney v. Bradbury, Dallam, 443.

*S. R. Fisher* and *S. W. Fisher* (*Terry, Cavin & Mills* and *F. J. Duff*, of counsel), for appellees Gulf & Interstate Railway Company and Gulf, Colorado & Santa Fe Railway Company.—Where all the defendant carriers are properly before the court and there is no affirmative showing that the initial carrier was authorized to make and did make a through contract of carriage binding upon and acquiesced in by all subsequent and connecting carriers, and where each of the defendant carriers deny any joint undertaking, the court is without right to charge that such carriers are jointly liable.   G., C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; McCarn v. I. & G. N. Ry. Co., 84 Texas, 352; Railway Co. v. Baird, 75 Texas, 256; Railway Co. v. Williams, 77 Texas, 221; Hunter v. Railway Co., 76 Texas, 195; Railway Co. v. Adams, 78 Texas, 372; Harris v. Howe, 74 Texas, 537; Myrich v. Railway Co., 107 U. S., 102; Pratt v. Railway Co., 95 U. S., 43.

Common carriers are in no event liable at law for loss or damage, proximately caused from an inevitable accident or an act of God.   4 Elliott on Railways, sec. 1534, and authorities; Texas & Pac. Ry. Co. v. Tribble, 29 Texas Civ. App., 104; Ft. Worth & D. C. Ry. Co. v. Lock, 30 Texas Civ. App., 426; Railway Co. v. Davis, 1 App. C. C., 118; Heaton v. Railway Co., 1 App. C. C., 774; American Dig. (Dec. edition), vol. 4, p. 268.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett*, for appellee Houston & Texas Central Railway Company.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellants against the Gulf & Interstate Railway Company, the Gulf, Colorado & Santa Fe Railway Company, and the Houston & Texas Central Railway Company for the recovery of damages alleged to have· been sustained by appellants to a shipment of 452 head of cattle from Winnie, a station on the first named road, to Calvert, on the Houston & Texas Central Railroad.

There was a judgment in favor of appellants against the Gulf, Colorado & Santa Fe Railway Company for $31.05, and in favor of the other two roads against appellants for costs of suit, from which judgment this appeal is prosecuted.

The gravamen of the action, so far as the Gulf & Interstate Railway Company is concerned, was its alleged failure to furnish cars at the

time contracted for the movement of said cattle, and as to the other two roads for delay and rough handling of said shipment en route, whereby several of said cattle were lost, and the entire shipment damaged and injured. The Gulf & Interstate Railway Company defended on the ground that it was impossible, on account of a heavy rainfall, to furnish the cars at the time agreed upon, but that the same were furnished and the cattle shipped out on the 19th, and that no injury occurred on its line by reason of said failure.

The Gulf, Colorado & Santa Fe Railway Company likewise plead unprecedented rainfall in answer to the charge of delays on its line, denying any rough handling of said cattle by it, and in addition thereto setting up a contract limiting its liability to damage occurring on its own line, as well as numerous exceptions absolving it from liability by reason of such special contract.

The Houston & Texas Central Railroad Company specially denied that said shipment was delayed or roughly handled upon their line; and the Gulf & Interstate, as well as the Houston & Texas Central, undertook to absolve themselves from liability for any injury on the line of the other by adopting the answer of the Gulf, Colorado & Santa Fe, pleading special contract, as heretofore stated.

The court in its charge to the jury limited the recovery of appellants against each railway to injuries occurring upon its own line, and refused a special charge to the effect that if from the evidence they believed that the contract upon which plaintiffs' cattle were shipped was a through contract from Winnie to Calvert, and was accepted and acquiesced in by all the lines transporting said cattle, then if they should find from the evidence that plaintiffs were entitled to recover in any sum for the improper handling of said cattle while in transit, that their verdict should be for plaintiffs against all the defendants in such sum, if any, as they should find for plaintiffs. The refusal of this special charge and the giving of the main charge is assigned as error. It is contended on the part of appellees that this special charge was properly refused, and no error was committed in the general charge on this subject, among other reasons, because there was no pleading alleging a through contract of shipment, and that the evidence failed to show any such through contract. While the alleged contract for a through shipment is not as fully and clearly set out as it might be, still, we are inclined to believe that the pleading, taken altogether, is sufficient to show a contract for through shipment. The evidence does show that appellants made a verbal contract for through shipment with the Gulf & Interstate, whereby it undertook to transport said cattle over its line and those of the other two railways, from Winnie to Calvert. It is true that no written contract was issued by it to appellants, but it appears from the evidence that there was no station agent at Winnie, for which reason no written contract was made; and it further appears that the agent of the Gulf & Interstate called up the agent of the Gulf, Colorado & Santa Fe at Beaumont, notifying him of said shipment, and that the Gulf, Colorado & Santa Fe, as well as the

Houston & Texas Central, received and transported said cattle to their destination.   And while it is true that the Gulf, Colorado & Santa Fe plead a special contract limiting their liability, etc., which pleading was adopted by the other appellees, yet appellants deny that they signed any such contract, and there was no proof of any such special contract offered in evidence.   We therefore think that a prima facie case under article 331a was made out, and that the charge contended for should have been given, and that the court erred in its main charge, as claimed, in limiting recovery against each to acts of negligence occurring on its own line; for which reasons we sustain the first, second and third assignments presenting this question.   See art. 331a, Rev. Stats. of Texas; Texas & P. Ry. Co. v. McCarty, 29 Texas Civ. App., 616, 69 S. W., 229; Gulf, C. & S. F. Ry. Co. v. Leatherwood, 29 Texas Civ. App., 507, 69 S. W., 119; Galveston, H. '& S. A. Ry. Co. v. Botts, 22 Texas Civ. App., 609, 55 S. W., 514; Galveston, H. & S. A. Ry. Co. v. Botts, 70 S. W., 113; Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 264.

By their fourth assignment, appellants complain of the action of the court in giving a special charge at the request of appellees, to the effect that common carriers are not insurers of live stock transported by them, but the law requires only the exercise of ordinary care in the transportation of freight; and that if from the evidence they find that the defendants exercised ordinary care in handling and transporting plaintiffs' cattle, considering all the facts and circumstances concerning the transportation, they should return a verdict for defendants as to the issue of delay and improper handling.

We overrule this contention, because the charge as given correctly stated the law.   A carrier is not responsible as insurer for live stock, but can absolve itself from liability by showing a want of negligence on its part during the transportation thereof.   In the case of Texas Cent. Ry. Co. v. Hunter, 47 Texas Civ. App., 190, 104 S. W., 1075, which was a suit for damages for delay and rough handling of a shipment of stock, the trial court, in effect, charged the jury that the company was liable for damages sustained by the cattle, irrespective of whether or not there was any negligence.   This was assigned as error, and in passing upon the question it was said by the court: "We think the assignment must be sustained.   It is defended alone upon the ground that after the delivery of appellee's cattle in the pens at Albany appellant was an absolute insurer against losses or damages, as in the case of inanimate freight.   The law, however, has made a distinction in cases of transportation of live stock.".   See Moore on Carriers, p. 496, sec. 1; Ft. Worth & R. G. Ry. Co. v. Cage Cattle Co., 95 S. W., 705; also Ft. Worth & R. G. Ry. Co. v. Galton, 45 Texas Civ. App., 67, 100 S. W., 166; also Texas & P. Ry. Co. v. Slator, 102 S. W., 156.   In the case of Wallace v. Pecos & N. T. Ry. Co., 50 Texas Civ. App., 296, it is said, as shown by the syllabus, that "A carrier is not liable as an insurer but only for negligence in the transportation of live stock. Hence it is not liable for the expenditure of money for feed, made

necessary by unprecedented weather while the shipper was holding his
cattle awaiting cars."

Appellants by their sixth assignment complain that the court erred
in giving to the jury special charge No. 2, asked by the Houston & Texas
Central Railroad Company, to the effect that if they believed and found
from the evidence that said shipment went forward on its railroad from
Hearne to Calvert on the first train out of Hearne in the direction of
Calvert, and that any delay or injury at Hearne, if any, was due to
awaiting the departure of the first train from Hearne to Calvert, and
that such delay, if any, at Hearne was necessary and not unreasonable,
that for such delay, if any, the Houston & Texas Central should not be
held liable. We overrule this assignment, because while a delay in the
shipment could not be justified by the company by merely showing that
it went forward on the first train after reaching Hearne, still the jury,
in addition to this fact, before they were allowed to find for the de-
fendant, were further required to believe that such delay was not only
necessary, but was reasonable as well. The company was only liable
for unreasonable delays. So that under the charge, if the jury believed
that the delay was reasonable, under all the facts, then they were in-
structed to find for the defendant on this issue.

The court in the ninth paragraph of its charge instructed the jury
that if they believed from the preponderance of the evidence that at
the time when said cars were to be furnished to plaintiffs at Winnie,
excessive rains and flood conditions along the track of the Gulf & Inter-
state Railway between Winnie and Beaumont had placed the track and
roadbed of said defendant in such condition that a person of ordinary
prudence would not have attempted to move said cattle over it; and
that defendant, in the exercise of ordinary care, could not have foreseen
and prevented such condition, and that defendant's failure to furnish
said cars at such time was due to such condition of its track, then they
would find for the defendant. This charge is assigned as error, upon
the ground that the undisputed testimony showed that the cars were to
come from Port Bolivar to Winnie and not over any part of the track
between Beaumont and Winnie. While this is true, the evidence, with-
out contradiction, showed unprecedented and excessive rainfall, by
which the track from Winnie to Beaumont was submerged, and it was
impossible to operate cars over it; and that if the cars had been at
Winnie on the evening of the 16th or the morning of the 17th, it would
have been impossible to have moved the same from Winnie to Beau-
mont until the evening of the 19th, at which time, in fact, said ship-
ment went forward. It is true the cattle were placed at Winnie on
the evening of the 16th, but it was shown that they were held in pas-
tures near Winnie during the interval; and, while it appears that they
were drawn by reason thereof, still, it does not appear but what greater
injury would have resulted if the cattle had been held in cars at Winnie
during said interval. So that if there was any error at all in said
charge, we think it was harmless; because if the cars had been tendered
by the company, either on the evening of the 16th or the morning of

the 17th, it would have been impossible, by reason of the act of God, as plead, to have forwarded said shipment, for which reason this assignment is overruled.

It is urged by appellants' twenty-second assignment, among other reasons that the court erred in refusing to grant their motion for new trial, because the evidence showed a delay of some eight hours at Hearne on the Houston & Texas Central Railroad Company line, which delay was unexplained, the undisputed evidence showing and tending to show that any such delay under the circumstances would cause injury and damage to said shipment of cattle. It is shown to be only eight miles from Hearne to Calvert There was a delay at Hearne of about five and a half hours. There is no evidence in the record undertaking to give any satisfactory excuse for such delay, and if the shipment had gone forward promptly from Hearne it would have arrived at Calvert within less than an hour. There was a verdict in favor of said company. For the reasons set forth in their motion, as pointed out in this assignment, we are inclined to believe the court erred in refusing to grant appellant's motion for new trial

There are several assignments in the record which complain of the action of the court in permitting certain officers of the road to testify relative to the condition of the roadbed of the several defendants, based upon written reports made to them. It appears, however, in each instance, that other witnesses testified to the same facts without objection; and it further appears that the parties from whom the information was obtained also testified; for which reason, it seems to us, that the error, if any, was harmless.

There are other errors assigned, which we have duly considered, but believing that they are not likely to recur upon another trial we forego a discussion of them.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*