**LEON v. HINES, Director General of Railroads. (No. 596.)**

(Court of Civil Appeals of Texas. Beaumont. May 25, 1920.)

**1. Carriers ⬠228(1)—Presumption from injury to cattle during shipment rebutted by proof of no negligence.**

Presumption of negligence against a carrier from the arrival of a shipment of cattle, which had been unaccompanied, in an injured condition is rebutted by showing that there was no delay in handling the cattle and that they were transported without negligence.

**2. Appeal and error ⬠930(3)—Finding of no negligence presumed, in absence of request for issue.**

Under Rev. St. 1911, art. 1985, providing that an issue not submitted and not requested shall be deemed found by the court in such a manner as to support the judgment, if there is evidence to sustain such finding, it must be presumed that the court found a carrier was not negligent in handling a shipment of cattle, where no issue as to negligence was requested, and the judgment was rendered for the carrier.

**3. Carriers ⬠216—No liability for cattle received in bad condition and handled without negligence.**

A carrier is not liable for injury to cattle which were received by it in bad condition and which were handled without negligence.

**4. Carriers ⬠228(1)—Burden is on shipper to show good condition of cattle when shipped.**

In an action for injuries to a shipment of cattle, the burden is on the shipper to show that the cattle were in good condition when delivered to the carrier for shipment.

**5. Carriers ⬠228(1)—Burden is on carrier to show inherent defects of cattle received in good condition as cause of injury.**

Where cattle were received by a carrier for shipment in good condition, the burden is on the carrier to show that damage suffered during shipment was caused by the inherent vice and defect of the cattle.

**6. Carriers ⬠230(7)—Charge as to burden on carrier properly refused, where condition when shipped was in issue.**

Where there was an issue under the pleading and evidence whether cattle were in good condition when delivered to the carrier for shipment, it was not error to refuse a requested charge that the burden was on the carrier to show that the injury was caused by inherent vice and defect of the cattle.

Appeal from Harris County Court; W. E. Monteith, Judge.

Action by R. Leon against Walker D. Hines, Director General of Railroads. Judgment for defendant, and plaintiff appeals. Affirmed.

Elbert Roberts, of Houston, for appellant.

Baker, Botts, Parker & Garwood and McMeans, Garrison & Pollard, all of Houston, for appellee.

WALKER, J. This was a suit for damages instituted by appellant against the appellee, involving a shipment of cattle from Hockley, Tex., to Ft. Worth, Tex. Appellant pleaded that he was the owner of the cattle; that he delivered them to appellee in good condition, and with reasonable care they would have arrived at destination in good condition; that they did not arrive in good condition; that nine were crippled and five were dead ·

---

and that he suffered damages in the sum of $344.33.

The following are two of the issues submitted to the jury:

Issue No. 1: "Were or were not the cattle of plaintiff at the time they were delivered to defendant railway company at Hockley, Tex., in such condition that they could have been transported to their destination without injury?"

To this question the jury answered: "They were not."

Issue No. 2: "Was the injury and death of said cattle while being transported to Ft. Worth, Tex., caused or brought about by their weakened condition at the time they were delivered to the defendant railway company at Hockley?"

The jury answered: "It was."

Judgment was rendered for the defendant. Plaintiff excepted and has duly prosecuted his appeal.

[1] The evidence abundantly supports the answer of the jury to the first and second issues. The presumption of negligence arising against the carrier, when no one accompanies a shipment of cattle and they arrive at their destination in an injured condition, is rebutted by showing that the cattle were transported without negligence. Williams v. Railway Co., 63 Tex. Civ. App. 543, 135 S. W. 392; Railway v. Hunter, 47 Tex. Civ. App. 190, 104 S. W. 1075; Railway v. Berry, 170 S. W. 127.

[2, 3] No delay was shown in handling the cattle, and the effect of the testimony of the train operatives was that this shipment was handled with due care. No issue was requested by appellant asking the jury to determine whether the defendants were guilty of negligence in handling this shipment. In the absence of such a request, by rendering judgment for the defendant, we must assume that the court, on the evidence before it, found that the defendants were not guilty of negligence. R. S. 1911, art. 1985. A common carrier is not an insurer of live stock. If the stock be in bad condition when received, no liability attaches if the shipment is handled without negligence. Railway Co. v. Berry, 170 S. W. 125.

[4] Appellant pleaded that the cattle were delivered in good condition. The evidence raised an issue of fact on this issue; hence the court did not err in charging that it was "incumbent upon plaintiff to show that said cattle were delivered to the carrier in a sound condition." Defendant's general denial put in issue all the material allegations in plaintiff's petition and cast upon plaintiff the burden of proving his case as alleged. Railway Co. v. Kerr, 184 S. W. 1059.

[5] Had the cattle been in good condition when received by defendant at Hockley, the burden would have rested on the defendant to show that the damage suffered by plaintiff was caused by the inherent vice and defect of said cattle, and the court should have so charged, as requested by him. Railway Co. v. Greathouse, 82 Tex. 111, 17 S. W. 834; Railway Co. v. Brosius, 47 Tex. Civ. App. 647, 105 S. W. 1131.

[6] On the facts of this case, such a charge was not required. It would have deprived defendant of the defense that the damage to the cattle was caused by the weakened condition of same at the time they were loaded on the cars at Hockley. As we have already said, when the evidence shows that live stock is not in shipping condition when received, and when the defendant absolves itself from the charge of negligence in handling the shipment, no liability attaches.

Appellant has presented this case to us on six assignments of error. We have not discussed them in the order presented, but we believe we have disposed of all the propositions advanced by him.

Finding no error in this record, this case is in all things affirmed.