TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. J. M. McCARTY.

Decided June 4, 1902.

**1.—Railway Company—Connecting Carriers.**

Where a railway company contracts to ship freight over its own and a connecting line to destination, it is liable for injury occurring on the line of the connecting carrier.

**2.—Same—Judgment Over.**

A railway company sued for injury to freight which occurred on a connecting line could not complain of a judgment over in its favor against the connecting carrier, nor could the latter complain of the judgment in that form where it was shown to be primarily liable.

**3.—Citation—Appearance—Waiver.**

Where, in an action against two railway companies, citation was served on the traveling passenger agent of one of them, and before the appearance term it had passed into the hands of the attorneys of the other company, who obtained a continuance for both defendants, there was a voluntary appearance shown sufficient to waive the defect, if any, in the service of the citation.

**4.—Market Value—Measure of Damages—Default Judgment.**

Where judgment by default was taken against a railway company for

damages to cattle in shipment, and writ of inquiry awarded, it can not object for the first time on appeal that the proper measure of damages was not applied because the witnesses stated the extent to which the cattle were damaged in dollars and without any mention of market value.

Appeal from the County Court of Van Zandt. Tried below before Hon. John W. Davidson.

*Cate, Geddie & Bruce,* for appellants.

*W. B. Wynne* and *W. C. Blanks,* for appellee.

JAMES, Chief Justice.—This is an action for damages to cattle shipped from Wills Point, Texas, to Roff, I. T. The line of the Texas & Pacific Railway Company carried the cattle to Sherman, and from there to Roff the connecting carrier was the St. Louis & San Francisco Railway Company. Both railway companies were sued, and the judgment rendered was against both companies for $1000, with judgment in favor of the Texas & Pacific Railway Company over against the other. Both defendants have appealed.

The points for reversal advanced by the Texas & Pacific Railway Company are, first, that the judgment should not have been against it, because the petition and the testimony showed that all the damage occurred on the line of its codefendant; and second, that the court erred in refusing to correct the judgment upon this appellant's request for the reason that there was no pleading to support the judgment which was rendered in its favor against its codefendant. The latter objection to the judgment is also raised by the St. Louis & San Francisco Railway Company.

The petition alleged that plaintiff contracted with the Texas & Pacific Railway Company at Wills Point to ship the cattle over both lines to Roff, I. T. The testimony sustained this allegation, and there is nothing in the petition or evidence to indicate that the Texas & Pacific Railway Company undertook to limit its liability to its own line. Regardless of the statute of 1899 (page 214), which it is contended would impose liability on the Texas & Pacific Railway Company, but which is an erroneous interpretation of that act—it dealing as we believe simply with venue—the general rules of law make said company liable for injury done the cattle on the line of its connecting carrier, under the pleading and evidence in this record.

Upon the other point. Upon the undisputed evidence the St. Louis & San Francisco Railway Company was primarily liable. The Texas & Pacific Railway Company has no legal ground upon which to object to the judgment against it. It is not injured by the judgment awarded it against its codefendant, as it has it in its power to refrain from availing itself of the benefits of such judgment if it desires. Hence it can not well complain, and it has no need of invoking judicial action to

set aside a judgment the enforcement of which is entirely under its own control.

The judgment over being against the other defendant, it has more substantial ground for complaint. But we do not see how it is prejudiced by the form of the judgment. Certainly under the evidence it could not have complained if the judgment had been against it alone and the Texas & Pacific Railway Company exonerated. Nor do we see how it can complain of the judgment as rendered, because as to it the effect is the same as if judgment had been against it alone. Instead of a judgment against it alone, the court has also rendered judgment against the Texas & Pacific Railway Company, and in doing this it practically and in effect subrogated the Texas & Pacific Railway Company to the plaintiff's judgment against the St. Louis & San Francisco Railway Company, in the event the former shall have been required to satisfy plaintiff. It was inherent in what the court had before it, and proper in equity, for the court when it rendered judgment against the Texas & Pacific Railway Company upon its constructive or secondary liability to protect it by giving it judgment over, and of this the other company, which was primarily liable, has no reason to complain, although this was not asked for in any pleading.

The appellant the St. Louis & San Francisco Railway Company, complains of the taking of a judgment against it in the absence of proper service upon it. The judgment recites that the appellant having been duly served with citation and failed to appear, the court gave judgment against it by default with writ of inquiry. The case was tried, the Texas & Pacific Railway Company having appeared and defended, and upon the testimony the court gave judgment against both defendants as above stated. It is shown by the record that the citation for the St. Louis & San Francisco Railway Company was served upon Mr. Tuley, its traveling passenger agent at Dallas, who it is contended was a proper person upon which to serve it. We pretermit this question because not necessary in view of facts which appear. The citation served on Tuley was, prior to the appearance term, in the hands of the local attorneys of the Texas & Pacific Railway Company at Wills Point. It was sent by the general attorneys of the Texas & Pacific Railway Company to the latter's said local attorneys with request for the latter to answer in the case for the St. Louis & San Francisco Railway Company. How it found its way to the general attorney of the Texas & Pacific Railway Company is not shown, but it could be presumed that it was sent him by the proper officer of the other company. From the motion for new trial it appears that there was an agreement between the general attorneys of the two companies which would account for the direction given these attorneys to represent the St. Louis & San Francisco Railway Company in this suit. They did not file any pleadings for either defendant at that term, but negotiated for and obtained a postponement or continuance of the case for that term on behalf of the defend-

ants, as they could not get ready for trial at that term. They stated to counsel for plaintiff at the time that they did not want to represent the St. Louis & San Francisco Railway Company, but would either represent it themselves or have some one else to do so at the next term. The postponement was evidently thus secured in behalf of both defendants.

An appearance is said to be strictly voluntary when without the service of process a defendant in some manner indicates his intention to submit his person and cause to the jurisdiction of the court. York v. State, 73 Texas, 655. We think the facts above shown must be held to constitute a waiver of any defect in the service and an appearance in the case by attorneys. Auspach v. Ferguson, 32 N. W. Rep., 249; Cook v. Bank, 39 S. E. Rep., 746. Not having filed or presented any pleadings, there was no error in rendering judgment against it by nil dicit or default with a writ of inquiry.

The cattle were shipped to the Territory to be placed in pasture and not for immediate sale. The market values of the cattle as they arrived and as they should have arrived, as held to be the proper method of determining the damage in railway v. Stanley, was not what was shown. The extent which the cattle were damaged in dollars, as estimated by witnesses, was shown. It is observed that the Texas & Pacific Railway Company made no objection to the testimony concerning damages, and makes no point here in that regard. But the St. Louis & San Francisco Railway Company, against which default was taken with writ of inquiry, makes the objection that the correct measure of damages was not adopted in arriving at the amount. The difference in values was taken, but not by evidence of market values. There was no testimony that the cattle had a market value at Roff. Nothing was said in the motion for a new trial about *market* values. Besides this, defendant was not cut off by the judgment by default from appearing in the writ of inquiry and objecting to the testimony which was offered to show the extent of damages, and we do think it now has no right to complain of the verdict, unless it be palpably excessive, which is not the case.

The judgment is affirmed.

*Affirmed.*