MURPHY et al. v. HERRING-HALL-MARVIN SAFE CO.

(Circuit Court, D. Nevada. January 23, 1911.)

No. 1,068.

1. REMOVAL OF CAUSES (§ 112*)—SPECIAL APPEARANCE—OBJECTIONS TO PROCESS—WAIVER.

An appearance in the state court for the sole purpose of exercising a right to remove the case to the federal court should be regarded as a special appearance for such purpose, though containing no express limitation, and will not therefore constitute a waiver of an objection to the jurisdiction on the ground that the summons was not properly served.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. § 112.*]

2. APPEARANCE (§ 9*)—GENERAL APPEARANCE—MOTION TO EXTEND TIME TO ANSWER.

Where, after service of process, defendants' attorneys applied for and were granted an order extending the time to answer, appear, move, or otherwise plead to the complaint or action in the cause, such order con-

stituted a general appearance and waived defendants' objection to the service of process, though defendants for the express purpose of obviating such effect secured the order secretly, ex parte, and out of court, and did not file the same in the state court until it was necessary to do so to have it certified in the record on removal.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

3. MOTIONS (§ 8*)—ACTION OF JUDGE—ACTS DONE OUTSIDE OF COURT.

Anything that a judge may properly do in a cause on the application of a party is an exercise of jurisdiction, whether done in open court or in chambers, and hence an order extending the time to plead, made by the judge as he was leaving the courthouse, was valid under the rule that that which a judge may lawfully do in chambers he may do at any other place in the district.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 5; Dec. Dig. § 8.*]

·Action by J. B. Murphy and another, doing business under the name of Murphy-Balliet Company, against the Herring-Hall-Marvin Safe Company. On motion to quash service of summons. Denied.

M. A. Murphy, for plaintiffs.

McIntosh & Cook, for defendant.

VAN FLEET, District Judge. This is a motion to quash the service of summons on the ground that it was not made in a manner to give the court jurisdiction of the defendant. The action is one at law, commenced in the state court by plaintiffs, residents of the state, to recover damages for alleged deceit against the defendant, a corporation organized and existing under the laws of the state of New York. Defendant maintained no office or place of business in the state, nor had any resident agent therein, but had a general agent for the Pacific Coast who was a resident of the state of California with his office located in the city of San Francisco. Service of summons was had personally upon this agent at Tonopah, Nev., while he was temporarily there in necessary attendance as a witness upon the trial of a case then in progress in the state court in which this defendant was plaintiff and the present plaintiffs were defendants; the service being made by the sheriff of the county.

Having, in due time, had the cause removed to this court upon the ground of diversity of citizenship, the defendant has interposed the present motion, based upon the theory that the facts bring the case within the well-established doctrine of the federal courts that, in a personal action like the present, brought against a corporation in the courts of a state of which the defendant is a nonresident and wherein it neither has property nor does business, nor maintains an agent to represent it, a service made, as in this instance, upon an officer of the defendant merely temporarily within the state, is ineffectual and void and confers no jurisdiction over the person of the defendant. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, and cases there cited.

. Plaintiffs resist the motion upon several grounds. It is contended: First, that the circumstances under which the service was made take

the cause out of the rule above referred to; second, that, by reason of a certain order made at defendant's instance in the state court, defendant waived any defect that may have attached to the mode of service; and, third, that, defendant not having limited his appearance in the state court on his application for a removal to a special appearance for that purpose, such application in itself constituted a general appearance in the case which gave the state court jurisdiction of the person of the defendant.

As to the last proposition, it is sufficient to say that, while there are some of the earlier cases which sustain such contention, the latest expressions from the Supreme Court hold the contrary view; and it may now be regarded as settled that an appearance in the state court for the sole purpose of exercising the right of removal, even in the absence of any express limitation thereof in its terms, is to be regarded as a special appearance for such purpose, and as constituting no waiver of an objection to the jurisdiction, such as here made. Wabash Western Railroad v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; National Accident Society v. Spiro, 164 U S. 281, 17 Sup. Ct. 996, 41 L. Ed. 435.

With reference to the defendant's first contention, above stated, there was evidence adduced at the hearing of the motion tending to show that, while defendant maintained no office or fixed place of business in Nevada, it nevertheless did business therein through the medium of traveling salesmen employed in selling its safes, and further that, while having no resident agent therein, that state was in fact included in the territory represented by the agent upon whom the service was had; and it is contended that these facts make a case which does not fall within the application of the doctrine relied on by defendant. But I do not deem it necessary to pass on this objection, since, in the view I take of the second ground urged against the motion, that question becomes immaterial.

As to the latter objection, it appears that, within the time required under the statute of the state to appear, the attorneys then representing this defendant in the action on trial in the state court and now appearing for it here made application to the judge of that court and obtained an order in the cause of which the following is a copy:

"At the request of Messrs. McIntosh & Cook, the time of answering, appearing, moving, or otherwise pleading to the complaint or action in the above-entitled cause is hereby extended to and including the 12th day of April, 1909. Dated March 24, 1909,

"M. R. Averill, District Judge."

It is contended by plaintiffs, and I think correctly, that in applying for and obtaining this order the defendant must be held to have submitted itself to the jurisdiction of the state court and to have thereby estopped itself from now urging any objection to the regularity of the service of the process. The making of an order in a cause is an exercise of jurisdiction therein, and jurisdiction may be exercised only at the instance of a party; that is, it must appear and ask it. When, therefore, one applies to a court or judge for an order granting him relief of any character, and an order for time in which to

do an act is a grant of relief (Curtis v. McCullough, 3 Nev. 202; Ayres v. Western Railroad, 48 Barb. [N. Y.] 132), he necessarily appears for that purpose.

Such an appearance may be either general, that is, without reserve, or it may be special, for a particular purpose; but if intended as special it must be so stated in some appropriate manner, otherwise it will be deemed a general appearance.

In this instance, as disclosed by the very comprehensive terms of the order, the application was without reserve, the order being sufficiently broad to enable defendant within the time given to plead to the complaint in any form in which under the statute he could be called upon to answer the cause of action set up. Moreover, the application was purely a voluntary one on the part of the defendant and was necessarily based upon the assumption that the court had acquired jurisdiction to grant the relief sought. That such an application constituted an appearance I entertain no doubt. "It was doing an act in the progress of the cause and submitting to the jurisdiction of the state court, and was equivalent to an appearance." Ayres v. Western Railroad, supra. See, also, Curtis v. McCullough, supra; Insurance Company v. Swineford, 28 Wis. 257; Texas & Pacific Ry. Company v. McCarty, 29 Tex. Civ. App. 616, 69 S. W. 229; Murat v. Hutchinson, 16 N. J. Law, 46; Sargent v. Flaid, 90 Ind. 501.

And since it was clearly not an appearance for any special purpose it must be held to be a general appearance for all purposes.

Nor need an appearance to conclude a party for the purpose here involved be made in any specific manner. Any act which in its legal effect submits one to the jurisdiction of the court is sufficient, although the statute may prescribe a particular method for other purposes. See cases above cited.

Defendant very strenuously seeks to evade the effect of its action in obtaining this order by urging upon the attention of the court the manner in which it was applied for and obtained, and by reason of which it is argued that the act did not in this instance constitute a proceeding in court, nor an appearance therein for any purpose; and further that it cannot be held to have been an appearance in the action because never intended as such. The order was applied for without notice and obtained from the judge ex parte, out of court, being signed, in fact, in the corridor of the courthouse as the judge was leaving the building; it was not served upon the attorneys for the opposite side, nor filed with the clerk at the time, but retained in the keeping of the attorney obtaining it; nor does it appear that opposite counsel had any knowledge for some considerable period of time thereafter that any such order had been procured; but subsequently and after the proceedings for removal had been taken the order was filed by the attorney obtaining it in time to be certified here with the record on removal, and now appears as a part of the history of the case.

This course is now frankly admitted by counsel for defendant to have been intentionally pursued by them for the very purpose of

avoiding any chance that their action could be held to be an appearance; and from which they argue that the order thus obtained cannot be properly regarded as a step taken in the action at all, but as one constituting no part of the proceedings in the case and by which the defendant therefor should not be bound.

But obviously there is no principle which would lend to an act accomplished in the surreptitious manner here disclosed any different aspect as to its effect upon the rights of the party pursuing such a course, from that it would have if performed in the open. Such a rule would enable one to reap the advantage of his own wrong; for very certainly the law should and does discountenance any such clandestine method in judicial proceedings. The circumstances might well have availed the opposite party to have the secret order set aside, but certainly they cannot be pleaded by the one obtaining it to his own advantage. Nor is there anything in the fact that the application was made and the order procured out of court which in the slightest detracts from its legal effect as an appearance in the cause. Anything a judge may properly do in a cause on the application of a party is as much the exercise of jurisdiction, whether it be in open court or in chambers; and, as that which a judge may lawfully do in chambers he may do at any other place in his district, an application made to him under the circumstances here disclosed is as potent to invoke the exercise of jurisdiction as if made in court. And, of course, it can make no difference in the effect of the proceeding that it was not intended as an appearance. As suggested by the Supreme Court in Wabash Western Ry. v. Brow, supra:

"An appearance which waives the objection of jurisdiction over the person is a voluntary appearance, and this may be effected in many ways, and sometimes may result from the act of the defendant, even when not in fact intended."

In other words, the effect is not to be deduced from what the party may have intended, but from what he did. It is the act which speaks, and not the secret purpose. A party cannot avail himself of the benefit of such a step and then be heard to say that it shall not be given the usual and ordinary effect of like proceedings because he did not so intend.

The motion will be denied.