## GRIFFITH v. SAWYER et al.　(No. 8285.)

(Court of Civil Appeals of Texas. Dallas. April 24, 1920.)

1. **Vendor and purchaser** &#x25ba;334(7)—**Buyer of land sold by acre entitled to recover for shortage.**

Where described land was sold not in gross, but at $19.40 per acre, seller representing tract contained 309.2 acres, whereas in fact there was a shortage on account of a conveyance by the seller's predecessor to a third person, the buyer was entitled to recover for shortage at rate of $19.40 per acre.

2. **Venue** &#x25ba;32(2)—**Plea of privilege waived by continuance.**

Where a cause was continued to another term without order of continuance declaring it was granted without prejudice to a defendant's plea of privilege, or without anything in record showing it was passed by agreement, or that business of court was such that plea could not have been disposed of at term had it been called to its attention, there was a waiver by defendant of his plea of privilege.

3. **Venue** &#x25ba;32(2)—**Plea of privilege waived by answer.**

Where at term to which case had been continued a defendant filed a full answer to the merits of the original defendant's cross-action against him, and there was no allegation or statement in the answer or any part of the record that the answer was filed subject to such defendant's plea of privilege, he waived it.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Thomas L. Sawyer against W. C. Griffith, wherein W. B. Wynne was cited in as a defendant by Griffith. From judgment for plaintiff against defendant Griffith, and order sustaining defendant Wynne's plea of privilege and transferring defendant Griffith's suit or cross-action against him for trial to another county, defendant Griffith appeals. Affirmed in part, and reversed and remanded in part.

Thos. R. Bond, of Terrell, for appellant.

Woods & Morrow, Lee. R. Stroud, and Wynne & Wynne, all of Kaufman, for appellee W. B. Wynne.

Bumpass & Crumbaugh, of Terrell, for appellee Sawyer.

RAINEY, C. J. This suit was instituted in the district court of Kaufman county, Tex., on April 12, 1918, by the appellee Sawyer against the appellant, Griffith, alleging, in substance, that on the 24th day of July, 1911, he purchased from the appellant 309.2 acres of land situated in Van Zandt county, Tex., and that the appellant executed to him a general warranty deed to the land, fully describing the same by metes and bounds; that said land was sold by appellant to appellee by the acre for a total sum of $6,000; that the sale of the land was not made in gross, but was made by the acre; and that appellee paid appellant the said sum of $6,000 based upon $19.40 per acre. Appellee further alleged that the appellant showed him the land and represented that the tract contained 309.2 acres; that appellee relied on said representation in buying the land, believing it to be true, and had no reason to believe that the tract contained a less number of acres until the year 1917; that in 1917 he had the land surveyed by a competent surveyor; and that it was then discovered that the tract contained only 267.64 acres instead of 309.2 as represented by appellant, there being a shortage of 41.56 acres. Appellee claimed a loss of 41.56 acres of land by reason of the shortage shown of the value of $19.40 per acre, aggregating $810.42, and prayed judgment therefor, with legal interest and costs. The appellant pleaded a general demurrer, a general denial,

and specially that he sold and conveyed the land described in appellee's petition believing the tract contained 309.2 acres; that, if it was true that the tract does not contain but 267.64 acres, then his representation to appellee that it contained 309.2 acres came about through the fault and misrepresentation of his vendor, W. B. Wynne, who resided in Van Zandt county, Tex.; that appellant purchased the land from W. B. Wynne and received a general warranty deed from him for the same on the 26th day of December, 1907; that prior to the time Wynne executed said deed he represented to appellant in Kaufman county, Tex., that he owned the land, and that the tract contained 309.2 acres; that appellant relied on the honesty and integrity of Wynne, believing that he was or would convey to him the number of acres that he (appellant) contracted to purchase, said contract of purchase—

"having been entered into or partly entered into in Kaufman county, Tex., on or about the date of the execution of said deed; that, if there is a shortage of 41.56 acres as alleged by appellee, the same occurred through the fraud of the said Wynne. Appellant further alleged that, if it be true that there is a shortage in the number of acres intended to be conveyed to the appellee, which is not admitted, but denied, then the same occurred after the said W. B. Wynne had conveyed the same to this defendant, and after this defendant had placed his deed upon record; by the said W. B. Wynne falsely and fraudulently, in Kaufman county, Tex., representing to one J. C. Fields that he (Wynne) owned a tract of 41.56 acres of land in Van Zandt county, Tex., which was and is a part of said 309.2 acres of land theretofore conveyed to this defendant and in Kaufman county, Tex., the said W. B. Wynne consummated a trade with the said J. C. Fields by the terms of which he bargained, sold, and conveyed by written quitclaim deed to the said J. C. Fields the 41.56 acres, which deed it is alleged was recorded in the deed records of Van Zandt county, Tex.; that at the time Wynne conveyed the 41.56 acres of land to Fields he knew he had previously conveyed the same to the appellant; and that by such conveyance and the putting of Fields in possession of said land he perpetrated a fraud upon appellant which was and is the direct result of appellee not receiving the 309.2 acres of land. The appellant further alleged that as a part of the consideration that induced him to purchase the 309.2 acres of land W. B. Wynne executed to appellant, in addition to his warranty deed, a written obligation by the terms of which he bound himself to defend the title to said land, and, should suit be brought for recovery of the same or any part thereof against appellant or his next successor in title, obligated himself to defend the suit; that, as appellee 'is the next successor to the title of the land from this defendant,' he (appellant) demanded that the said W. B. Wynne defend this suit, which he has failed and refused to do."

Further allegations are to the effect that J. C. Fields, under his deed from Wynne, went into immediate possession of the 41.56 acres of land, put his deed on record, and has continuously from that time used, cultivated, and enjoyed the same, and paid taxes thereon for a period of more than seven years before the discovery of the fraud perpetrated by Wynne, and has thereby secured a good title by limitation as against appellant and appellee. Appellant then avers that, if it should be held that appellee Sawyer is entitled to recover against the appellant, appellant is entitled to recover over against Wynne the reasonable market value of the 41.56 acres at the time it was conveyed to Fields, with interest at the legal rate, reasonable attorney's fees for defending this suit, and for all costs of suit, and prayed for such judgment. W. B. Wynne was served with citation, and at the first term of the court thereafter, to wit, June, 1918, filed a plea of privilege to be sued in Van Zandt county, Tex., the county of his residence. At the June term, 1918, the cause was continued without prejudice; and at the November term, 1918, it was continued on account of the illness of the appellee's attorney without any action having been taken with reference to the plea of privilege. On April 2, 1919, during the February term of the court, 1919, W. B. Wynne filed an answer consisting of a general demurrer, special exceptions, a plea of limitation, a general denial, and matters in avoidance of appellant's alleged cause of action against him, which we deem it unnecessary to disposition of the appeal to set out in detail. To this answer the appellant pleaded a general denial, and prayed for judgment as in his original answer and cross-action. On April 2, 1919, during the February term, 1919, of the court, the appellant filed a controverting affidavit setting up matters which he claimed showed that the district court of Kaufman county had jurisdiction to try the issues presented between himself and W. B. Wynne, and that the latter's plea of privilege to be sued in Van Zandt county should be overruled. On the 3d day of April, 1919, the case was called for trial. W. B. Wynne asked for a ruling on his plea of privilege, but the court announced that he would rule thereon after all the evidence was introduced. A jury was then impaneled to try the case, and at the conclusion of the evidence the court held the causes of action asserted by appellee Sawyer against appellant, Griffith, and by appellant against the appellee Wynne were severable, and peremptorily instructed the jury to return a verdict in favor of Sawyer against Griffith for the sum of $810.42, with interest thereon at the rate of 6 per cent. per annum from the 24th day of July, 1911. W. B. Wynne's plea of privilege was sustained, and the suit or cross-action of Griffith against Wynne was transferred for trial to the district court of Van Zandt county, Tex. From these judgments and orders of the court the appellant prosecuted an appeal to this court.

[1] The first assignment of error is to the effect that the court erred in peremptorily instructing the jury to return a verdict in favor of the appellee Sawyer against the appellant, Griffith, for the sum of $810.42, "because there was absolutely no evidence introduced upon the trial of this cause that warranted or justified" the giving of such instruction. In view of the pleadings of the parties relating to this branch of the case, which have been sufficiently stated above, and the evidence on the issue thereby presented, there was no error in giving the peremptory instruction of which complaint is here made. The tract of land sold by the appellant to the appellee Sawyer was fully and clearly described in the deed of conveyance by metes and bounds, and the undisputed evidence shows that the same was sold, not in gross, but by the acre, at $19.40 per acre, that appellant represented to Sawyer that the tract contained 309.2 acres, and that Sawyer, believing and relying on said representation, took the land and paid the price asked therefor, amounting in the aggregate to $6,000. The evidence further conclusively shows that before the appellant conveyed the land to Sawyer, and on, to wit, May 25, 1909, W. B. Wynne gave to J. C. Fields, of Kaufman county, a quitclaim deed to 41.56 acres of land, which he had purchased from Mollie Board, and which was a part of the tract sold by appellant to Sawyer; that Wynne's deed to Fields was placed upon record in Van Zandt county on the 8th day of October, 1909, and Fields took actual possession of the 41.56 acres and remained continuously in adverse possession thereof up to the trial of this case; that the appellee Sawyer had the tract of land purchased by him from appellant surveyed in 1917, and found that the tract contained 317.35 acres instead of 309.2 acres, as he had represented by appellant, but discovered that by reason of the deed from Wynne to Fields the acreage had been reduced to about 266.93 acres. The appellant, Griffith, did not plead and seek to defeat a recovery by Sawyer upon the ground that, if he (appellant) falsely represented that there were 309.2 acres in the tract of land, appellee Sawyer knew of the falsity thereof, or by the exercise of reasonable diligence could have discovered before the bar of limitation the fraud thus perpetrated upon him, and therefore his right of action was barred by the statute of limitation. Nor did he, by his pleading, do more than enter a general denial of the allegations of Sawyer's petition and assert a want of knowledge of any shortage in the land at the time he conveyed the same to Sawyer. Appellant did not deny, but admitted, the shortage claimed by Sawyer in the land, and the only contention in this court seems to be that the court erred in directing the verdict upon which the judgment appealed from is based, simply because there was no evidence showing that appellant had purposely misrepresented to Sawyer the number of acres in the tract of land. The deed to Fields, however, had been on record, and he had been in actual continuous possession of the land sold to him by W. B. Wynne for about seven or more years prior to the sale and conveyance by appellant of the 309.2 acres to appellee Sawyer, and appellant had at least constructive notice of Fields' claim to the land described in his deed. In the state of the record before this court we would not be authorized to disturb the judgment in favor of the appellee Sawyer against the appellant, Griffith.

[2, 3] The next contention of the appellant is that the court erred in sustaining the plea of privilege filed by the appellee W. B. Wynne to be sued in the county of his residence, and in ordering this cause, as between appellant and W. B. Wynne, transferred to the district court of Van Zandt county. We are constrained to hold that this contention must be sustained because the record discloses, as urged by appellant, that the plea of privilege was waived by appellee Wynne: (1) For the reason the record shows that the cause was continued at the November term, 1918, to the February term, 1919, without the order of continuance declaring that such continuance was granted without prejudice to the said Wynne's plea of privilege, or without anything in the record showing that it was passed by agreement or that the business of the court was such that the plea could not have been disposed of at the November term, 1918, if it had been called to the attention of the court; and (2) because the record further shows that at the February term, 1919, of the court, the appellee Wynne filed a full answer to the merits of the appellant's cross-action against him, and there is no allegation or statement in such answer or in any part of the record before us to the effect that the answer was filed subject to the plea of privilege. In other words, appellee Wynne's answer to the merits of appellant's cross-action appears to have been filed without regard to his plea of privilege and set up matters in bar of a recovery in said action. The rules of practice and statutes relating to the course that must be pursued when a plea of privilege or other dilatory plea is filed are fully stated and discussed in Harris Millinery Co. v. Melcher, 142 S. W. 100. And that the filing of an answer to the merits of the cause, without doing so subject to a plea of privilege previously filed, waives such plea, is so well established that authorities in support of the proposition need not be cited. If as a matter of fact the cause was continued from the November term, 1918, of the court to the February term, 1919, without prejudice to the plea of privilege of the appellee Wynne, and his said answer to the merits was filed subject to such plea, it is not shown by the record now before us. The record being in the condition indicated, there is nothing left for this court to do but to reverse the action of the district court in sustaining

the appellee Wynne's plea of privilege and transferring the action as between him and appellant to the district court of Van Zandt county, and remand that branch of the suit to the district court of Kaufman county for further proceedings.

Affirmed in part, and reversed and remanded in part.