## SWIFT & CO. v. DUCKETT. (No. 3125.)

Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1929.

Otis Trulove and Cooper & Lumpkin, all of Amarillo, for appellant.

Turner, Culton & Gibson, of Amarillo, for appellee.

JACKSON, J. This suit was instituted on November 23, 1926, in the district court of Swisher county, Tex., by S. A. Duckett, plaintiff, against Swift & Co., a corporation, defendant, to recover the sum of $1,444.03, with interest thereon, as damages for the alleged breach by the defendant of its contract with plaintiff.

The plaintiff alleges that in the fall of 1925 he and the defendant, acting through its duly authorized agent and local manager, Smith, entered into an oral contract, by the terms of which the plaintiff was to purchase, with his own money, at prices furnished by the defendant, turkeys in the trade territory surrounding Tulia, in Swisher county, Tex., and, after having dressed them, to deliver them to the defendant at Amarillo, Tex. That the defendant was to advise plaintiff ,daily, by phone or telegraph, the prices at which said turkeys were to be purchased. That said contract was to continue through the holiday markets of 1925, consisting of the Thanksgiving and Christmas seasons and markets. That, relying on such contract, the plaintiff purchased, at the prices furnished him daily by the defendant, a great number of turkeys, dressed and delivered them to the defendant at Amarillo, Tex., and which were accepted and paid for.

That about November 13, 1925, the defendant, through its then manager, Tucker, notified plaintiff not to buy any more turkeys for the defendant, and no more turkeys were purchased, but that on said date plaintiff had a large number of turkeys on hand that he had purchased and had not delivered, and under the contract he had a reasonable time after he was notified to stop buying to dress and deliver to the defendant the turkeys purchased before he was notified to stop buying. That he did, within a reasonable time after receiving such notice, dress and tender to the defendant at Amarillo, Tex., said turkeys theretofore purchased, but the defendant failed and refused to accept and pay therefor, and thereby breached its contract, to plaintiff's damage in the amount sued for.

The plaintiff sufficiently alleges the class, the weight, and the prices he was advised to pay for the turkeys and the amount he was to receive therefor from the defendant; the disposition he made of the turkeys after the defendant refused to accept and pay for them; and the amount of his damages.

The defendant, on December 23, 1926, filed its plea of privilege, setting up that it was not and had never been a resident of Swisher county, Tex., but that its principal place of business was in Chicago, Ill., and that it had

a general agent at Dallas, Tex., and an office and place of business in Amarillo, Tex.

The plaintiff, on May 5, 1927, by a motion, asked that the plea of privilege be stricken out for the following reasons: That the suit was instituted by plaintiff by a petition filed on November 23, 1926; that the appearance day of the term to which the suit was filed was December 7, 1926; that process was served on defendant on November 24, 1926, in ample time for defendant to file an answer by appearance day; that on appearance day the cause was set for the 20th day of December, which was Monday of the third week of said term of court; that on the 20th day of December, said cause was reset for the 23d day of said month; and that on the 23d day of December the defendant filed its plea of privilege, and therefore said plea of privilege was not filed within the time required by law.

The plaintiff also pleaded that the defendant had waived its plea of privilege, and was estopped from asserting same because A. A. Lumpkin and Otis Trulove were attorneys actively representing the defendant, and, prior to the appearance day for said Swisher county district court, Otis Trulove inquired of plaintiff's attorney when court would convene in Swisher county and the condition of this suit, and was informed that court would convene on the following.Monday, December 6th, and that plaintiff's attorney was going to Tulia to set cases; that Mr. Trulove thereupon requested that this case be set for the latter part of the term, which was agreed to by plaintiff's attorney, and, in compliance with said agreement, plaintiff's attorney had the case set for Monday of the third week of court; that on said day, which was December 20th, defendant's attorney was not present, and plaintiff's attorney then had the case set for Thursday of said week; that on Thursday the regular judge of said court was absent because of illness, and only routine matters were disposed of by a judge elected by the lawyers present, and that on said date, the 23d day of December, the clerk received from A. A. Lumpkin, one of defendant's attorneys, a plea of privilege, which was signed and sworn to by the said A. A. Lumpkin, but had been prepared by the said Trulove; that the defendant, by said agreement, entered its appearance prior to the filing of its plea of privilege, and but for which agreement for postponement the plaintiff would have taken default judgment against defendant on appearance day.

On the 17th day of May, 1927, after a hearing, the court dismissed defendant's plea of privilege, and found, among other things, in his findings of fact, that on November 23, 1926, plaintiff instituted this suit in Swisher county, Tex.; obtained service on the defendant on November 24th, thereafter, in ample time for the case to be an appearance case at the next term of court, which convened December 6, 1926; that the defendant was rep-resented by Mr. Lumpkin and Mr. Trulove, and about December 4th Mr. Trulove inquired of plaintiff's attorney as to the condition of this case, and was informed that the court at Tulia would convene on the following Monday, the 6th of December, and that he, plaintiff's attorney, was going to Tulia to be present at the call of the docket; that said Trulove then requested that this case be set for the latter part of the term, to which plaintiff's counsel agreed; that the docket of the court contains no notation except a continuance on December 23d, but the facts are that plaintiff's attorney had said cause set for December 20th at the call of the docket, and on December 20th, defendant's counsel still failing to appear, had the case reset for December 23d; that on December 23d the case was continued, along with many other cases, the regular judge being absent on account of illness; and that on said date the plea of privilege was filed.

The defendant, without waiving its plea of privilege, answered by general demurrer, special exceptions, general denial, and pleaded especially that, if the contract was made with its manager Smith as alleged by plaintiff, the same was unauthorized by the defendant, and was therefore not binding upon it.

The case was tried before the court without the intervention of a jury, and judgment rendered for plaintiff in the amount sued for, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the trial court in striking out and refusing to sustain its plea of privilege because it was filed in due course of pleading, and no controverting plea was urged thereto by appellee, who by a counter proposition asserts that the appellant, by failing to file its plea of privilege on appearance day, and having entered into an agreement, through its attorneys, with the attorney for appellee to the effect that the case should be set for trial in the latter part of the term of court, and appellee's attorney, relying on said agreement, having had the case set for the third week of the term of said court, the appellant by such agreement entered its general appearance, and waived its right to file and urge its plea of privilege; that Messrs. Trulove and Lumpkin were the attorneys of, and had the authority to represent, the appellant in the case is not questioned. The allegations of appellee and the finding of the court on the plea of privilege as to the date of filing the suit, the service on appellant, the appearance day of the term of court, the agreement between the attorneys and the date thereof, and the securing of the setting of the case to the latter part of the term by appellee's attorney at the request of the appellant's attorneys and on the agreement made between them, are not controverted.

■ "There is a marked distinction between

the question of mere personal privilege to be sued within the precinct or county of residence, and which privilege may be expressly or impliedly waived, and that of jurisdiction proper, which cannot be conferred even by express consent." Masterson v. Ashcom, 54 Tex. 324.

"The requirement as to the county in which a suit may be brought is a mere privilege granted to the parties which may be waived like any other privilege of this nature." Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174.

It is held in Christensen v. Foster et al. (Tex. Civ. App.) 297 S. W. 657, that a defendant may either directly or indirectly waive the privilege of being sued in the county of his residence.

Before a plea of privilege is filed, the plea may be waived by an answer to the merits, Meade v. Warring et al. (Tex. Civ. App.) 35 S. W. 308; by excepting to the petition, Floyd v. Gibbs (Tex. Civ. App) 34 S. W. 154; and, unless the right to do so is reserved by asking for a continuance, Hambleton v. Dignowity (Tex. Civ. App.) 196 S. W. 864; Griffith v. Sawyer (Tex. Civ. App.) 221 S. W. 687; by motion to quash service, Devereaux et al. v. Rowe (Tex. Civ. App.) 293 S. W. 207; by invoking the rule for costs, Brown v. Reed (Tex. Civ. App.) 62 S. W. 73; Torno v. Cochran (Tex. Civ. App.) 201 S. W. 735; by filing motion to quash deposition, Howe Grain & Merc. Co. v. Taylor (Tex. Civ. App.) 147 S. W. 656. From these authorities, we conclude that the rule is that any action upon the part of the defendant which invokes the general jurisdiction of the court before filing his plea of privilege, unless the right to do so is reserved, constitutes an appearance and therefore a waiver.

In holding that an agreement of attorneys constituted an appearance by their clients, the court, in T. & P. Ry. Co. v. McCarty, 29 Tex. Civ. App. 616, 69 S. W. 229, says:

"They did not file any pleading for either defendant at that term, but negotiated for and obtained a postponement or continuance of the case for that term in behalf of the defendants, as they could not get ready for trial at that term. They stated to counsel for plaintiff at the time that they did not want to represent the St. Louis & San Francisco Railway Company, but would either represent it themselves, or have someone else to do so, at the next term. The postponement was evidently thus secured in behalf of both defendants. An appearance is said to be strictly voluntary when, without the service of process, a defendant in some manner indicates his intention to submit his person and cause to the jurisdiction of the Court." See, also, Mueller et al. v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 451, and the authorities therein cited; Marx v. Heidenheimer, 63 Tex. 304; Columbia Brewery Co. v. Forgey, 140 Mo.

App. 605, 120 S. W. 625; Markey v. Ry. Co., 185 Mo. 348, 84 S. W. 61.

Under the agreement of the attorneys of the parties, as found by the court, if the appellee had taken a judgment by default against appellant, it should and would have been set aside. The attorneys for appellant did not reserve the right to file and urge a plea of privilege, did not even suggest to appellee's counsel that they thought of doing so, but requested him, in effect, to secure an order of the court setting the case to the latter part of the term, and, in our opinion, they thereby invoked the general jurisdiction of the court and waived the plea of privilege.

The appellant urges as error the action of the court in overruling its general demurrer and special exception to the effect that appellee, in his pleadings, failed to show how long the contract was to exist and was insufficient to inform defendant of the terms and conditions thereof. This assignment, in our opinion, it not tenable, as an examination of the petition discloses that the appellee did allege that the contract was to continue through the holiday markets of 1925, including Thanksgiving and Christmas markets and season.

The appellant challenges as error the action of the trial court in rendering judgment against it because it alleged that he entered into a contract with F. T. Smith, manager of the defendant, whereby the appellee was to purchase turkeys, and the evidence shows that the turkeys were purchased by appellee upon prices and under the instruction of W. J. Tucker, another employee of the defendant, for which reason the allegata and probata did not correspond, and the appellee failed to prove the contract alleged.

An inspection of appellee's petition discloses that he alleged that he entered into a contract with Swift & Co., acting through its authorized agent, Smith, and that on November 13, 1925, the appellant, Swift & Co., through its then manager, Tucker, notified the appellee not to buy any more turkeys for the company. It is obvious from these allegations that appellant did not allege that he made a contract with Mr. Smith, and the proof does not show that the transactions had after Mr. Smith was superseded by Mr. Tucker were had with Mr. Tucker, but the testimony shows that the contract was made with Swift & Co., acting through its agents.

The appellant assails as error the action of the trial court in rendering judgment against it because it asserts that the agreement between appellee and appellant was to the effect that appellee should purchase turkeys at prices furnished daily by appellant to appellee, who was to dress and deliver said turkeys to appellant at a certain price above the purchase price; that the prices were subject to change, and, when so changed, appellee should deliver such turkeys as he had on

240

hand; that appellant advised appellee the prices on turkeys on November 13th, and on the same day informed appellee to purchase no more turkeys and to deliver what he had on hand quickly. Therefore, under the facts, the appellant was not liable to appellee for turkeys tendered to it on Sunday after it had advised appellee on Friday to purchase no more turkeys and deliver what he had on hand quickly.

The testimony is undisputed that appellee used due diligence to dress and deliver the turkeys on hand after he was notified to purchase no more and to deliver said turkeys quickly, and that he tendered said turkeys to appellant within a reasonable time after he was notified to do so.

The judgment is affirmed.