

# NUMBER 13-09-00062-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ELADIO VALADEZ,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Eladio Valadez, was convicted by a jury of possession of 2,000 pounds or less but more than fifty pounds of marihuana, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (Vernon 2003). The offense was enhanced to a first-degree felony after the trial court found that Valadez was a repeat felony offender. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008). The trial court sentenced Valadez to twenty years' incarceration. On appeal, Valadez argues that (1) the evidence was legally and factually insufficient to support his conviction, and (2) the punishment assessed by the trial court was unconstitutionally disproportionate to the seriousness of the offense.

We affirm.

## I. BACKGROUND

On April 6, 2008, Valadez's white GMC pickup truck was stopped at the United States Border Patrol checkpoint in Sarita, Texas. At trial, Border Patrol Agents Jose Frausto and Carlos Nunez identified Valadez as the individual driving the truck. Agent Frausto testified that the truck bed appeared to be filled with boxes of oranges and that Valadez acted "extremely nervous" upon being stopped:

> First [Valadez] answered my question whether he was a U.S. citizen like in a nervous tone. Also his eyes were wide open like this (Indicating) and also he was smoking a cigarette at that time and his hands were shaking like this (Indicating) and he was dropping all his ashes on his legs, his pants.

Agent Nunez, a K-9 handler, testified that his dog, who was trained to alert on contraband including marihuana, performed a "free air non-instrusive sniff" of the vehicle and alerted to the back end of the truck. The agents searched the bed of the truck and discovered, underneath the boxes of oranges, several bundles wrapped in cellophane and black plastic. The bundles were confirmed to contain, in total, 182 pounds of marihuana.

On cross examination, Agent Frausto testified that Valadez was accompanied in the truck by a passenger, Sherry Marksberry. After Agent Frausto administered *Miranda* warnings, *see Miranda v. Arizona*, 384 U.S. 436 (1966), Marksberry gave a statement in which she said that Valadez did not know there was marihuana in the truck at that time. She further told Agent Frausto that she had smuggled marihuana on several prior occasions and that Valadez was with her on every occasion.

At trial, however, Marksberry testified that Valadez did in fact know of the marihuana in the truck on April 6, 2008. She stated that she and Valadez had picked up the marihuana in Roma, Texas, and were transporting it to Corpus Christi when they were stopped in Sarita. Marksberry acknowledged that she had previously claimed sole responsibility for possession of the marihuana in her statement to Agent Frausto. However, Marksberry stated she did so at Valadez's behest because "he had had previous

2

charges" and was not eligible for probation.[1]  Marksberry further acknowledged that the prosecutor had promised her, in exchange for her truthful testimony at trial, that he would write a letter to her parole board recommending parole and outpatient treatment for her drug addiction.[2]

After hearing the evidence, the jury found Valadez guilty.  The trial court found as true the allegations contained in the State's enhancement paragraph[3] and assessed Valadez's punishment at twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

## II. DISCUSSION

### A. Evidentiary Sufficiency

By his first issue, Valadez contends that the evidence adduced at trial was both legally and factually insufficient to support his conviction.

### 1. Standard of Review

We review the legal and factual sufficiency of the evidence supporting a conviction under well-established standards.  In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*

---

[1] Valadez's trial counsel objected to Marksberry's statement that Valadez "had had previous charges" and moved for a mistrial.  The trial court denied the objection and the motion.  Valadez does not contest those rulings on appeal.

[2] Marksberry testified that she had previously been convicted in a separate trial and sentenced to five years' imprisonment.

[3] The enhancement paragraph alleged specifically that Valadez had previously been convicted of a felony offense in Ellis County, Texas, in 1996.  *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008) (providing that, if it is shown on the trial of a second-degree felony that a defendant has been previously convicted of a felony, the conviction shall be enhanced to a first-degree felony).

3

*v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000)).

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). Under a hypothetically correct jury charge, Valadez committed the charged offense if he knowingly or intentionally possessed a usable quantity of marihuana in the amount of 2,000 pounds or less but more than fifty pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5). To prove unlawful possession, the State must show that Valadez exercised actual care, control, and management over the contraband and that he had knowledge that the substance in his possession was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). The State must establish, either by direct or circumstantial evidence, that Valadez's connection with the contraband was more than merely fortuitous. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Evidence that "affirmatively links" Valadez to the contraband is sufficient to prove that he possessed it knowingly. *Id.*

4

**2. Discussion**

The trial evidence, including testimony by Agents Frausto and Nunez, established that Valadez was driving a truck that contained 182 pounds of marihuana hidden under boxes of oranges. Nevertheless, Valadez points to the following facts in arguing that the evidence was legally and factually insufficient to support his conviction for possessing the marihuana: (1) Marksberry had made a confession to Agent Frausto in which she stated that Valadez did not know of the marihuana hidden underneath the oranges; (2) Marksberry changed her story at trial and testified there that Valadez did, in fact, know of the hidden marihuana; (3) the State promised to write a letter to the parole board recommending parole for Marksberry "in exchange for her 'truthful' testimony against [Valadez]"; and (4) Valadez did not testify on his own behalf at trial. Valadez argues that "the above reasons should have raised reasonable doubt as to [his] guilt since [Marksberry's] testimony was suspect, obviously opportunistic, and orientated to her extraction from the misery of prison life."

While Marksberry may not strike Valadez as an ideally trustworthy or credible witness, it is the jury's sole responsibility to judge the credibility of witnesses, and the jury is free to believe or disbelieve any portion of a witness's testimony. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); *Ortega v. State*, 207 S.W.3d 911, 920 (Tex. App.--Corpus Christi 2006, no pet.). It is within the sole province of the jury to reconcile conflicts, contradictions, and inconsistencies in the evidence and testimony. *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). Here, we must presume that the jury resolved any conflicts in favor of the prosecution, and we must defer to the jury's determination to disbelieve Marksberry's statement to Agent Frausto and instead to believe her trial testimony. *See Turro*, 867 S.W.2d at 47.

Moreover, although a conviction may not be based solely on the uncorroborated

testimony of an accomplice, *see* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005), there is sufficient non-accomplice witness testimony here "that tends to connect the accused with the commission of the crime." *See Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008); *Castillo v. State*, 221 S.W. 689, 691 (Tex. Crim. App. 2007). Specifically, Agents Frausto and Nunez testified that Valadez was driving the truck that contained the hidden contraband, and Agent Frausto testified that Valadez acted in an "extremely nervous" manner when his truck was stopped at the checkpoint. These are specific factors that may be considered in determining whether "affirmative links" exist to connect an accused to possession of contraband. *See Hurtado v. State*, 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

We conclude that a rational jury could have found beyond a reasonable doubt that Valadez knowingly or intentionally possessed the marihuana found in his vehicle. *See Sanders*, 119 S.W.3d at 820. Moreover, the jury's verdict is not clearly wrong or manifestly unjust, nor is it against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15. Accordingly, the evidence was legally and factually sufficient to sustain Valadez's conviction. His first issue is overruled.

## B.     Constitutionality of Sentence

By his second issue, Valadez argues that his sentence of twenty years' imprisonment was disproportionate to the seriousness of the offense and in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. Specifically, Valadez contends that his punishment "was excessive and clearly should be reserved for more heinous offenders so that such a sanction was meaningful under concepts of retribution and deterrance."

In response, the State argues that Valadez failed to preserve the issue because he did not object to the sentence or file a motion for new trial with the trial court. We agree. In order to preserve an issue for our review, a party must make a timely objection, state the

6

specific grounds for the objection, and obtain a ruling in the trial court. TEX. R. APP. P. 33.1(a). Even certain constitutional guarantees are also subject to forfeiture if a proper objection was not made at trial. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Courts have consistently applied this rule when considering a challenge to a sentence as unconstitutionally disproportionate. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd); *see also Vera v. State*, No. 13-07-00701-CR, 2009 Tex. App. LEXIS 5015, at *13 (Tex. App.–Corpus Christi May 21, 2009, no pet.) (mem. op., not designated for publication); *Gonzalez v. State*, No. 13-08-00504-CR, 2009 Tex. App. LEXIS 1130, at *3-4 (Tex. App.–Corpus Christi Feb. 19, 2009, no pet.) (mem. op., not designated for publication). Because he failed to specifically object to the allegedly disproportionate sentence in the trial court, Valadez has waived any error.[4] *See Noland*, 264 S.W.2d at 151; *Trevino*, 174 S.W.3d at 928. His second issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

 

 

_____
DORI CONTRERAS GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 31st day of August, 2009.

---

[4] We note that the twenty-year sentence imposed by the trial court is well within the statutory limits prescribed for first-degree felonies. *See id.* § 12.32 (Vernon 2003) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years."), § 12.42(b). Accordingly, the sentence was not illegal. *See Mizell v. State*, 119 S.W.3d 804, 806, 806 n.6 (Tex. Crim. App. 2003) ("A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. . . . Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence.").

7